**Commonwealth v. Rozier**

C.P. of Lawrence County, nos. 650, 651, and 656 of 1996, C.R.

*Diane Shaffer*, for Commonwealth.
*Jonathan R. Miller*, for defendant.

PICCIONE, *J.*, December 2, 2010—This opinion is issued pursuant to Pa.R.A.P. 1925(a) in support of the February 7, 2006 order of court granting the commonwealth's motion to dismiss and finding that this court lacked jurisdiction to hear the merits of defendant's motion for post conviction collateral relief. On appeal, defendant asserts that the court erred in denying defendant's motion as untimely. The relevant background of this case follows.

On March 14, 1997, defendant pled guilty to the charges of possession with intent to deliver, felony delivery, and delivery of a controlled substance. He was sentenced on

August 21, 1997 to three consecutive terms of 15 months to 120 months incarceration. Defendant subsequently filed a motion to modify sentence on August 29, 1997, which was denied on September 3, 1997, and a pro se petition for reduction of sentence on September 19, 1997, which was denied on September 25, 1997. No appeals were taken from the denials of defendant's motions.

Defendant did not file a petition for relief under the Post Conviction Relief Act ("PCRA") until September 8, 2005. However, the criminal docket entries indicate that the prothonotary received correspondence from defendant on December 1, 1997, requesting paperwork to file an appeal. Further, the docket entry for September 8, 1999 indicates that defendant requested leave to proceed in forma pauperis, which was granted. Despite this activity, no PCRA petition was filed prior to the expiration of the one-year time limit for such petitions.

On September 8, 2005, defendant filed a motion for post conviction collateral relief, arguing that the court imposed an illegal sentence on him and that his counsel was ineffective for failing to file an appeal of the denial of defendant's petition for reduction of sentence. The commonwealth responded with a motion to dismiss, claiming that defendant's sentence was statutorily authorized, that defendant waived the claim by failing to raise it on direct appeal, that defendant's motion was untimely, and that the commonwealth had been prejudiced by defendant's nine-year delay. The court held a hearing on defendant's motion on February 1, 2006. In the order dated February 7, 2006, the court concluded that it was without jurisdiction to address the merits of defendant's claims because his motion was untimely.

No further action was taken in this matter until

September 14, 2009, when defendant filed another motion for post conviction collateral relief. Defendant claimed that this second PCRA petition was timely because he filed it within 60 days of the date he discovered that his previous attorney failed to pursue an appeal of the court's February 7, 2006 order. A hearing was scheduled for September 8, 2010 to give defendant the opportunity to demonstrate that his second PCRA petition met one of the exceptions to the PCRA's timeliness requirement. During the hearing, the commonwealth agreed to the reinstatement of defendant's PCRA appeal rights nunc pro tunc and the parties entered the following stipulation:

[Defendant's] counsel at the time was ineffective for failing to file an appeal of that February...7th, 2006 order;

That [defendant] was incarcerated in the Lawrence County Jail until March 30, 2006, when he was transported back to S.C.I. Camp Hill. The order denying the...February 7, 2006 P.C.R.A. petition was mailed to [defendant] at the S.C.I. Camp Hill address and not the Lawrence County Jail;

That upon his return to S.C.I. Camp Hill on or about March 30, 2006 and after receiving his back mail, [defendant] discovered that the court had denied his P.C.R.A. petition, and during that period of time, thought an appeal had been filed by his counsel.

...The docket will reflect that on May 25, 2006, the defendant did send correspondence inquiring about his appeal and P.C.R.A. petition;

That [defendant] would testify that he received no response from counsel to that May 26, 2006

correspondence;

...[Defendant], the Commonwealth would stipulate, believed that an appeal was ongoing with respect to that February 7, 2006 order for a period of approximately three years, until September of 2009, when [defendant] was informed by a paralegal at his place of incarceration that, in fact, an appeal had not been filed after it was checked on, and on that basis, [defendant] filed his September 2009 P.C.C.R. petition, the one that's before the court today.

...[Defendant] did take timely action as required under the timeliness exception to the one-year limit on filing P.C.R.A. petitions, he exercised due diligence when he found out an appeal was not filed and that his belief that an appeal was filed was reasonable under the circumstances.N.T., 9/8/10, at 4-6.

The court subsequently granted defendant's second PCRA motion, permitting defendant to appeal nunc pro tunc the order of court dated February 7, 2006.

On appeal, defendant argues that the court erred in denying his original, September 8, 2005 motion for post conviction collateral relief as untimely. The timeliness requirements of the PCRA are mandatory and jurisdictional in nature. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa. Super. 2010). A timely PCRA petition must be filed within one year of the date that the judgment becomes final, unless one of the following exceptions applies:

(i) the failure to raise the claim previously was the

result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b). A petition invoking one of the above exceptions must be filed within 60 days of the date that the petition could have been presented. *Id.* at §9545(b) (2). "[I]t is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citing *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008)).

There is no dispute that defendant's September 8, 2005 motion for post conviction collateral relief was untimely. The judgment became final, at the latest, on October 25, 1997, meaning defendant's motion was filed almost seven years after the expiration of the one-year time limit. Therefore, defendant needed to satisfy one of the three exceptions to the timeliness requirement in order for this court to have jurisdiction over the matter. In his motion, defendant claims that his "trial counsel was ineffective in as far as he failed to file an appeal after the defendant timely requested that the case be appealed." Def.'s Pet., 9/8/05, at 3. Defendant does not specify which exception

to the timeliness requirement he is invoking, but a review of his claim and similar cases suggests that he is relying on subsection (ii), the "after-discovered evidence" exception to the one-year jurisdictional time limitation.

Section 9545(b)(i)(ii) requires a petitioner to "establish that: 1) 'the facts upon which the claim was predicated were *unknown*' and 2) 'could not have been ascertained by the exercise of due diligence.'" *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citing 42 Pa.C.S. § 9545(b)(1)(ii)). "This rule is strictly enforced." *Monaco*, 996 A.2d at 1080. "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Bennett*, 930 A.2d at 1272 (citing *Commonwealth v. Lambert*, 884 A.2d 848 (Pa. 2005)).

The court determined that defendant failed to meet any of the exceptions to the filing requirement, including the "after-discovered evidence" exception. A review of defendant's motion, his response to the commonwealth's motion to dismiss, and the hearing transcript confirms this court's conclusion. In his motion, defendant merely indicates that his previous attorney failed to file an appeal. He does not, however, make any attempt to explain why his motion is untimely. For example, defendant does not allege that he was unaware that his attorney failed to file an appeal, and he neglects to indicate when he learned that an appeal was not taken. Assuming he was unaware of the lack of an appeal, defendant also fails to explain why he could not have learned this through the exercise of due diligence before the one-year time limit expired. Defendant's response to the commonwealth's motion to dismiss similarly omits the necessary information to satisfy an exception to the timeliness requirement. In the response,

defendant only mentions that he "did not have the opportunity to appeal Judge McCracken's denial of the petition for reduction of sentences" and that he "has not waived the claims in his P.C.R.A. Application." Def.'s Resp., 2/1/06, at 1. During the hearing on his motion, defendant chose to "rest on the response" to the commonwealth's motion to dismiss rather than present any evidence or testimony. N.T., 2/1/06, at 5. Because defendant failed to allege and prove that one of the timeliness exceptions applied, the court concluded that it lacked jurisdiction to address the merits of defendant's claim.

## ORDER OF COURT

And now, December 2, 2010, the court having received defendant's statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), with Assistant District Attorney Diane Shaffer, Esquire, appearing and representing the commonwealth, and Jonathan R. Miller, Esquire, appearing and representing the defendant, it is hereby ordered and decreed as follows:

1. The order of court dated February 7, 2006 addresses the issues raised on appeal. However, the court issues the attached supplemental opinion pursuant to Pa.R.A.P. 1925(a).

2. The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.