J-S47008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL JOSEPH RODGERS | |
| Appellant | No. 3356 EDA 2016 |

Appeal from the PCRA Order October 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1133821-1990

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 25, 2017**

Paul Joseph Rodgers appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-6546.  After careful review, we affirm.

In 1991, following a jury trial, Rodgers was convicted of first-degree murder and carrying a firearm on a public street.  In 1992, the trial court imposed the mandatory sentence of life imprisonment on the murder conviction and a concurrent term of incarceration on the weapon offense.  In 1993, this court affirmed Rodger's judgment of sentence, **Commonwealth v. Rodgers**, 635 A.2d 207 (Pa. Super. 1993) (Table), and in 1994, our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Rodgers**, 646 A.2d 1177 (Pa. 1994) (Table).  In 1995,

Rodgers filed his first *pro se* PCRA petition, which the PCRA court denied; this Court affirmed the PCRA court's order denying relief. Rodgers subsequently filed a second PCRA petition, and this Court again affirmed the PCRA court's order denying relief on May 10, 2001. In 2006, Rodgers filed his third PCRA petition, which the PCRA court dismissed as untimely. This Court affirmed the dismissal of Rodger's PCRA petition on March 16, 2010. On December 20, 2013, Rodgers filed the instant *pro se* PCRA petition, and on October 14, 2016, the PCRA court dismissed his PCRA petition as untimely. On October 21, 2016, Rodgers filed a timely appeal, in which he raises the following issue:

> Did the [PCRA] court [err] by dismissing [Rodger's] successive PCRA petition as untimely where his incarcerated/indigent status impeded his effort to obtain the facts earlier?

Brief of Appellant, at 4.

> [T]he timeliness of a PCRA petition is [] a jurisdictional requisite. A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. A judgment of sentence is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petition must allege and the petitioner must prove:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or law of this Commonwealth or the Constitution or laws of the United States.

> ***(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence***; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Commonwealth v. Zeigler***, 148 A.3d 849, 853 (Pa. Super. 2016) (internal quotations and citations omitted) (emphasis added). ***See also*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), (3).

A petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Additionally, the "newly-discovered facts" exception focuses on previously unknown facts, not a ***newly-discovered*** or a ***newly-willing source for previously known facts***. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008) (emphasis added). ***See also Commonwealth v. Smallwood***, 155 A.3d 1054 (Pa. Super. 2017).

Instantly, Rodger's judgment of sentence became final on or about August 10, 1994, after our Supreme Court denied Rodger's petition for allowance of appeal and the period for filing a petition for writ of certiorari in the United States Supreme Court expired. 42 Pa.C.S.A. § 9545(b)(3). Rodgers's *pro se* petition, filed on December 20, 2013, is therefore patently untimely by approximately eighteen years. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Moreover, Rodger's claim that his petition falls under the PCRA exception, section 9545(b)(1)(ii), is meritless. Rodgers avers that the

signed affidavit of Eric Purdy, in which Purdy states that he made himself unavailable for trial due to fear of retaliation, constitutes newly-discovered facts pursuant to section 9545(b)(1)(ii).  **See** Purdy Aff. ¶ 1.  However, while Purdy's affidavit reveals his delayed willingness to cooperate, it does not present any newly-discovered and/or previously unknown facts.  ***Abu-Jamal***, ***supra***.  ***Smallwood***, ***supra***.  Rather, the affidavit memorializes observations previously conveyed to the defense and that could have been ascertained at trial by due diligence.  Purdy Aff. ¶ 1 ("[Purdy] stated early on ***when the trial first came about*** to [Rodger's] attorney or investigator what I saw[.]") (emphasis added).  ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (petitioner must show facts upon which claim is predicated were unknown to petitioner and could not have been ascertained by exercise of due diligence).  Thus, Rodger's PCRA petition is not exempt from the PCRA's jurisdictional time requirement. Accordingly, the trial court properly dismissed Rodger's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017

- 4 -