J-S76036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WENDELL GRAVES, | |
| Appellant | No. 3275 EDA 2016 |

Appeal from the PCRA Order October 11, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0510551-2000

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 16, 2018**

Appellant, Wendell Graves, appeals from the order denying his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court described the facts pertinent to this appeal, as follows:

On March 12, 2000, Appellant got into a physical altercation with Shawn Davis and decedent, Samuel Butler. Appellant sustained a broken jaw as a result of the fight. On March 15, 2000, at 7:50 p.m., Mr. Curtis Williams was on the corner of Carlisle Street and Allegheny Avenue when he heard sixteen shots. After ducking, Mr. Williams ran back to his house. On the way back to his house, Mr. Williams passed an alley where he saw Appellant with a gun cocked and out of ammo. Appellant ran into the house, left and fled in a car. After returning to the neighborhood, Mr. Williams saw Appellant shake hands and be congratulated by members of the neighborhood. At the time Mr.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Williams heard the sixteen gunshots, both Mr. Butler and Mr. Davis were hit by gunfire at 1414 West Allegheny Avenue while getting ready to enter the front door of a friend's home. Mr. Davis testified he saw Appellant fire the shots at him and Mr. Butler while standing five to ten steps away at the intersection of Rosewood and Allegheny Avenues. . . . When visited by Detective Gregory Rodden of the homicide division, Mr. Davis identified Appellant as the shooter via photo array.

(PCRA Court Opinion, 9/01/17, at 3) (footnote omitted).

On May 23, 2001, the jury convicted Appellant of murder of the first degree, attempted murder, and possession of an instrument of crime. The trial court sentenced him to an aggregate term of life imprisonment on July 12, 2001. Appellant filed a timely appeal that this Court dismissed for his failure to file a docketing statement pursuant to Rule 3517. **See** Pa.R.A.P. 3517. Thereafter, the PCRA court granted Appellant permission to appeal *nunc pro tunc* and he timely appealed. A panel of this Court affirmed the judgment of sentence on August 19, 2003, and the Pennsylvania Supreme Court denied further review on December 30, 2003. (**See Commonwealth v. Graves**, 833 A.2d 1145 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 841 A.2d 529 (Pa. 2003)).

The PCRA court described the ensuing PCRA litigation as follows:

On December 17, 2004,[1] Appellant filed a *pro se* [PCRA] petition . . . . On October 7, 2005, the petition was denied. The Superior Court affirmed the denial on June 30, 2006[,] and the Supreme Court denied Appellant's petition for allowance of appeal

---

[1] The certified record and docket provided to the Court do not contain the December 17, 2004 filing. However, this does not affect our disposition, and we will presume the accuracy of the date provided by the PCRA court.

on November 27, 2006. (**See Commonwealth v Graves**, 905 A.2d 1043 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 912 A.2d 837 (Pa. 2006)). Appellant filed his second PCRA petition on January 24, 2007. On [October 13], 2007, that petition was dismissed. No appeal was filed.

Appellant filed his third PCRA [petition] on December 16, 2010. On October 31, 2011, the [PCRA court] denied the PCRA as untimely. Appellant did not appeal. Appellant filed [his fourth] PCRA [petition] on January 17, 2012[,] seeking *nunc pro tunc* reinstatement of his appellate rights from the denial of his third petition[,] alleging that he did not receive the PCRA [c]ourt's order dismissing his petition until December 16, 2011, after the time for filing a notice of appeal had expired. On June 26, 2012, the PCRA court granted reinstatement of his appellate rights *nunc pro tunc* to the Superior Court. Appellant filed a timely notice of appeal on July 10, 2012. The Superior Court dismissed his appeal on February 19, 2013. (**See Commonwealth v. Graves**, 68 A.3d 365 (Pa. Super. 2013) (unpublished memorandum)). The [Pennsylvania] Supreme Court denied Appellant's [p]etition for [a]llowance of [a]ppeal on July 24, 2013. (**See Commonwealth v. Graves**, 69 A.3d 600 (Pa. 2013)).

(PCRA Ct. Op., at 2) (record citations provided).

On June 2, 2015, Appellant filed his fifth petition *pro se*. On November 24, 2015, retained counsel filed an amended petition. On October 11, 2016, the PCRA court denied the petition after a hearing. Appellant timely appealed.[2]

Appellant raises one question for our review: "Did the [PCRA] court err in denying [him] a new trial because the testimony of Alexander Maldonado constituted newly discovered evidence and the record does not support the

_____

[2] On November 15, 2016, Appellant filed a timely statement of errors complained of on appeal pursuant to the PCRA court's order. The court filed an opinion on September 1, 2017. **See** Pa.R.A.P. 1925.

[PCRA] court's determination that the testimony of Alexander Maldonado is incredible?" (Appellant's Brief, at 2).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

> Further, it is well-settled that:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on March 29, 2004, at the expiration of the time for him to seek review of his judgment of sentence in United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed over eleven years later, on June 2, 2015, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. ***See id.*** When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. ***See Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Additionally, a PCRA petition invoking one of these statutory exceptions must

"be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to argue the applicability of the newly-discovered evidence exception to the PCRA's time-bar. ***See id.*** at § 9545(b)(1)(ii); (***see also*** Appellant's Brief, at 5-6). However, his argument fails to establish the applicability of the claimed exception.

> Section 9545(b)(1)(ii)'s [previously unknown facts] exception requires the facts upon which the [underlying] claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. . . . [T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the **facts** upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence.

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008) (citations and quotation marks omitted; emphasis added).

Instantly, Appellant's petition alleges previously unknown facts based on the discovery of witness Alexander Maldonado, whom he met in prison. Maldonado provided him with an affidavit that stated he believed Curtis Williams committed the shootings because he saw Williams running from the direction of the gunshots with "his arm tucked in[,]" and he was wearing a change of clothes later that night. (Alexander Maldonado Affidavit, 5/24/16; ***see*** Appellant's *Pro Se* PCRA Petition, 6/02/15, at 3). However, the focus of the previously unknown facts exception "is on [the] newly discovered facts,

**not on a newly discovered or newly willing source for previously known facts.**" *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (internal quotation mark and emphasis omitted; emphasis added).

Here, the underlying "fact" that Appellant allegedly did not shoot Butler and Davis, if true, was information available to him and cannot be considered to be previously unknown. *See id.*; *Abu-Jamal*, *supra* at 1268. Additionally, as Appellant admits, Williams testified as an eyewitness at trial. (*See* Appellant's Brief, at 7). Therefore, Appellant also knew the facts on which Maldonado based his opinion: Williams was at the scene, he ran away after the shooting, and he changed his clothes. (*See* N.T. PCRA Hearing, 10/11/16, at 7, 10); *see also Marshall*, *supra* at 720; *Abu-Jamal*, *supra* at 1268.

Accordingly, we conclude Appellant has failed to establish the existence of a previously unknown fact that could not have been ascertained by the exercise of due diligence, as required by Section 9545(b)(1)(ii). Hence, because Appellant has failed to plead and prove the applicability of an exception to the PCRA time-bar, we affirm the PCRA court's denial of his petition.[3] *See Rykard*, *supra* at 1183; *Johnston*, *supra* at 1126. Appellant's issue lacks merit.

Order affirmed.

---

[3] Our analysis differs from that of the PCRA court. However, we may affirm its decision on any basis. *See Greenberg v. McGraw*, 161 A.3d 976, 989 n.12 (Pa. Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/18