J-S34022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PARIS LYNELL JAMES | |
| Appellant | No. 1678 WDA 2017 |

Appeal from the PCRA Order entered October 2, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0010523-1995; CP-02-CR-0017500-1995; CP-02-CR-0000101-1996; CP-02-CR-0000416-1996; CP-02-CR-0000555-1996; CP-02-CR-0006143-1996; CP-02-CR-0000805-1996

BEFORE:  BOWES, STABILE, AND STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 23, 2018**

Appellant, Paris Lynell James ("James"), appeals *pro se* from the October 2, 2017 order entered in the Court of Common Pleas of Allegheny County, denying his third petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

This Court previously provided the following factual and procedural background:

> On September 6, 1996, James pleaded guilty to first degree murder, second degree murder, and numerous related offenses in connection with a crime spree that James and accomplices

---

[*] Retired Senior Judge assigned to the Superior Court.

conducted in Pittsburgh during November 1995.[1]  During that time, James robbed and abducted two jitney drivers.  Both men were forced into the trunks of their cars during their separate abductions.  One man died from positional asphyxiation while the second was shot dead at a remote location.  James's crimes also included the armed robberies of gas stations, one of which was committed while James was holding one of the jitney drivers in the trunk of his car.

Judgment of sentence was imposed immediately following the entry of the guilty pleas.  The trial court sentenced James to serve two consecutive terms of life imprisonment as well as additional consecutive prison terms.  This Court affirmed the judgment of sentence on September 8, 1998, and the Supreme Court denied appeal on January 12, 1999.  ***Commonwealth v. James***, 726 A.2d 1079 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 734 A.2d 861 (Pa. 1999).

On January 6, 2000, James filed his first PCRA petition. Counsel was appointed, who filed a "no-merit" letter and was permitted to withdraw.  The petition was dismissed on October 11, 2000, and the decision was affirmed on appeal.  ***Commonwealth v. James***, 792 A.2d 614 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 798 A.2d 1288 (Pa. 2002).

On April 21, 2005, James filed the present PCRA petition, his second. . . . [T]his petition was dismissed as untimely filed and James now appeals.  Upon review, we agree with the PCRA court that the petition is untimely and no statutory exception applies.

***Commonwealth v. James***, No. 1435 WDA 2005, unpublished memorandum at 1-2 (Pa. Super. filed June 21, 2006) (footnote and some capitalization omitted), *appeal denied*, 909 A.2d 303 (2006).

On June 8, 2017, James filed the instant petition, his third.  On August 10, the PCRA court filed a notice of intent to dismiss the petition pursuant to

---

[1] James was born on July 6, 1975 and was twenty years old at the time of the crimes.

Pa.R.Crim.P. 907. James filed a timely response to the notice. By order entered on October 2, 2017, the PCRA court dismissed the petition. This timely appeal followed. The PCRA court did not direct James to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 29, 2017, the PCRA court issued an opinion in accordance with Pa.R.A.P. 1925(a), explaining that "[t]he dismissal was based on the petition being untimely filed with no exceptions pursuant to the governing statute. The dismissal is also supported by a memorandum decision in the case at No. 1435 WDA 2005." PCRA Court Opinion, 11/29/17, at 1.

In **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008), our Supreme Court stated:

> Our standard of review of the denial of PCRA relief is clear: we are "limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1251 (Pa. 2006). We note that a second or subsequent petition must present a strong prima facie showing that a miscarriage of justice may have occurred. **Commonwealth v. Carpenter**, 555 Pa. 434, 725 A.2d 154, 160 (1999). Finally, the petition must be timely, as the Act's timeliness restrictions are jurisdictional in nature and are to be strictly construed. **Commonwealth v. Abu–Jamal**, 596 Pa. 219, 941 A.2d 1263, 1267–68 (2008).

**Id.** at 309.

In his brief, James presents twenty-four issues for our consideration. Appellant's Brief at 4-8. However, we first must determine whether this Court has authority to hear Appellant's claims.

As noted above, on September 6, 1996, James entered a guilty plea to various offenses, including first-degree murder and second-degree murder. He was sentenced to two consecutive life sentences and additional consecutive prison time. After this Court affirmed James's judgment of sentence, our Supreme Court denied his petition for allowance of appeal on January 12, 1999. James did not seek review from the United States Supreme Court. Therefore, his judgment of sentence was final on April 12, 1999, 90 days after our Supreme Court denied allocatur, and James had until April 12, 2000 to file a timely petition for collateral review.

The instant appeal is an appeal from dismissal of James's third petition for collateral relief. This petition was filed on June 8, 2017, more than seventeen years after his judgment of sentence became final. Therefore, the petition is patently untimely and we may not consider it unless James has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of James's underlying claims, we first determine whether this PCRA petition is timely filed. *See Stokes*, 959 A.2d

at 310 (consideration of **Brady** claim separate from consideration of its timeliness).

James asserts that his current petition is saved from the PCRA's time bar based on newly-discovered facts consisting of documents relating to mental health and behavioral issues documented between 1986 and 1992, during James's pre-teen and teenage years. However, these are the same documents—or at least the same category of documents—that formed the basis of the newly-discovered evidence exception asserted in support of his second PCRA petition. In this Court's 2006 Memorandum Opinion, we rejected James's claim of an exception, noting James was certainly aware "that he had been treated for mental health problems in 1988 and 1989. We conclude that James could have obtained the records of his mental health treatment at an earlier time." **James**, No. 1435 WDA 2005, unpublished memorandum at 5.

As this Court stated in **Commonwealth v. Medina**, 92 A.3d 1210 (Pa. Super. 2014):

> Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.
>
> > [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

**Id.** at 1216 (quoting **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007)). James cannot meet this burden. He cannot prove that the existence

of his medical records was unknown to him and could not have been ascertained by the exercise of due diligence.

In the instant appeal, James adds a twist to his newly-discovered fact exception, claiming his petition was filed within 60 days of our Supreme Court's decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017).[2] In **Burton**, the Court held that the "presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners." **Id.** at 638 (emphasis in original). Even though we find James filed his PCRA petition within 60 days of issuance of the **Burton** decision, we reject James's contention that **Burton** is applicable to his case. The mental health records in question are not public records. They are James's own medical records. As this Court concluded in 2006, James clearly had access to his own records. **Burton** is inapplicable and cannot save James's third PCRA petition from the PCRA's time bar.

Because this Court does not have authority to hear the claims asserted in James's untimely petition, we shall affirm the order of the PCRA court.

---

[2] **Burton** was decided on March 28, 2017. James has provided a copy of a cash slip dated May 16, 2017, requesting money for postage for his PCRA petition. Although his petition was not docketed within 60 days of the **Burton** decision, we will consider it filed within that time under the prisoner mailbox rule.

Order affirmed.[3]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2018

---

[3] During the pendency of this appeal, James filed a "Motion for Stay in Abeyance . . ." based on a claimed retroactive right stemming from our United States Supreme Court's May 14, 2018 decision in **McCoy v. Louisiana**, 138 S.Ct. 1500 (2018). In light of our determination that we do not have authority to hear the claims asserted in James's untimely petition, we deny his motion.