J-S40020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CASEY DOOLEY | : | |
| | : | |
| Appellant | : | No. 3574 EDA 2019 |

Appeal from the PCRA Order Entered November 25, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0312431-2001

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                        **FILED OCTOBER 02, 2020**

Appellant, Casey Dooley, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court has previously set forth the relevant facts of this case as follows:

> On the morning of August 29, 2000[, Appellant] parked his car alongside the car of Josephine Leary, walked up five (5) steps and entered into the home of Nicole Gaskins, where she was…with Josephine Leary.  [Appellant] approached the then 21 year old Ms. Gaskins, not saying a word, and shot her three times in the neck, shoulder, and chin.  [Appellant] pursued Ms. Leary as she ran to her car, and fired several shots, shattering her [drivers'] side window and left several bullet holes in the side of her car and the trunk. Unknown

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

to these victims, not more than one half (1/2) hour before, [Appellant] had entered into a distribution warehouse, inquired about a job, and upon exiting the office, stopped and fired a bullet into the chest of Joseph Connell. [Appellant] then continued shooting at the employees at the warehouse, approached Randy Salvati and fired several shots, the first into Randy's face, another shot hitting him in the stomach. After leaving the warehouse, [Appellant] was spotted entering a laundromat. There [Appellant] encountered Dean Lockhart who was there washing his clothes. As testified [to] at trial, [Appellant] approached Mr. Lockhart where he made a comment of "what's up old head." [Appellant] then pointed a gun at Mr. Lockhart and began firing hitting him eight (8) times.

Shortly after the shooting of Ms. Gaskins, and the shootings at the warehouse, Officer Morace, a Philadelphia police officer on patrol, spotted a black Ford Probe matching the description of [Appellant's] vehicle. The Officer pulled up behind the vehicle, and signaled him to stop. [Appellant] pulled his vehicle to the curb, but once the Officer opened his door to get out of his vehicle, [Appellant] fled at a high rate of speed. [Appellant's] vehicle was eventually brought to a halt when it was involved with a collision with another police vehicle. The Officer reached in the then shattered [drivers'] side window and grabbed [Appellant's] arm that was then holding a 9 millimeter handgun. The vehicle was in neutral and was rolling backwards, the officer however, was able to lunge into the passenger side door and stop the vehicle by putting it into gear. [Appellant] was placed in a holding cell, where he sat naked, after apparently removing his clothes.

*Commonwealth v. Dooley*, No. 3323 EDA 2002, at 2 (Pa.Super. filed April 7, 2004) (unpublished memorandum).

A jury convicted Appellant guilty but mentally ill of numerous counts of aggravated assault, attempted murder, recklessly endangering another person, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing instruments of crime. The court

- 2 -

sentenced Appellant on August 15, 2002, to an aggregate term of 102½ to 205 years' imprisonment. On April 7, 2004, this Court affirmed the convictions but vacated Appellant's aggravated assault sentences, concluding that those sentences should have merged with Appellant's attempted murder sentences.[2] *See id.* Our Supreme Court denied allowance of appeal on December 29, 2004.

Between 2005 and 2013, Appellant unsuccessfully litigated two PCRA petitions. On January 4, 2018, Appellant filed *pro se* the current PCRA petition. Appellant claimed he received an e-mail on November 20, 2017, from Donald Gaines stating that at some point prior to Appellant's arrest, Mr. Gaines had witnessed a woman named Mary drop "an e-pill" (or Ecstasy tablet) into Appellant's soda. Mr. Gaines said he had observed Mary do this on two occasions, not long before Appellant was arrested. Mr. Gaines admitted that he probably should have said something sooner, and was unsure whether what Mr. Gaines observed had anything to do with Appellant's actions on the day of the shooting spree.

Appellant alleged that Mr. Gaines' e-mail presented "newly-discovered facts" to render his current PCRA petition timely. Appellant further claimed the new facts would explain why Appellant acted in the manner he did on the day of the shooting spree, which Appellant said was inconsistent with

---

[2] Because the trial court had imposed the aggravated assault sentences concurrently, this Court did not need to remand for resentencing.

Appellant's character. Appellant insisted he has always exercised due diligence to discover a reason for why Appellant acted as he did on that day, because Appellant has almost no recollection of the events that transpired. Appellant also indicated that he would be filing a supplemental PCRA petition with an affidavit from Mr. Gaines.

Appellant submitted Mr. Gaines' sworn affidavit on February 9, 2018. In his affidavit, signed January 19, 2018, Mr. Gaines reiterated that he observed Mary put an Ecstasy pill into Appellant's soda on two separate occasions. Mr. Gaines knew the drug was Ecstasy because Mary told him so. Mr. Gaines explained that he is one of Appellant's closest friends and hung out with Appellant a great deal before Appellant's arrest. Mr. Gaines stated that he did not see Appellant again after Appellant's arrest and Mr. Gaines did not know the circumstances of what transpired on the day of the shooting spree. Mr. Gaines claimed he did not realize sooner that he had any information that could have been helpful to Appellant's case, and if he would have known the information was important, he would have said something sooner.

The PCRA court subsequently appointed counsel, who filed an amended PCRA petition on April 12, 2019. On September 23, 2019, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant responded on October 1, 2019. On November 25, 2019, the court denied PCRA relief. Appellant timely filed a notice of appeal on December 12, 2019. The court did not order, and Appellant did not file, a

concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue for our review:

> Could the [PCRA] court determine whether the issues raised in the PCRA petition qualify as an exception to the PCRA time limitations or whether the evidence itself could have led to a different result at trial?

(Appellant's Brief at 8).

Appellant argues Mr. Gaines' e-mail constitutes a newly-discovered fact that establishes Appellant's soda was laced with a mind-altering drug shortly before Appellant committed his crimes. Appellant asserts this new information explains why Appellant acted so out of character on the day in question.[3] Appellant insists this information was not available at the time of trial because Mr. Gaines did not disclose his observations until the November 2017 e-mail. Appellant contends he could not have discovered this information sooner with the exercise of due diligence. Appellant suggests the newly-discovered fact could have changed the outcome of trial. Appellant concludes he satisfied the newly-discovered fact PCRA time-bar exception, and this Court should vacate the order denying PCRA relief and remand for an evidentiary hearing to assess

---

[3] We reiterate that Appellant was convicted as "guilty but mentally ill." Although the certified record does not contain Appellant's mental health records or the trial transcripts, the record makes clear Appellant suffered from severe mental illness. In his PCRA petitions and on appeal, Appellant attempts to explain his actions as a result of the Ecstasy pill in his drink. Appellant seems to ignore that his mental illness played any part in his shooting spree.

Mr. Gaines' credibility. We disagree.

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within the relevant statutory window. *See* 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Burton***, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted). As well, a claim based on inadmissible hearsay does not satisfy the "newly-discovered facts" exception.[4] ***Commonwealth v. Abu-Jamal***, 596 Pa. 219,

---

[4] The substantive claim of after-discovered evidence and the newly-discovered facts exception to the PCRA timeliness requirements are often conflated and referred to as the same theory of relief. These concepts, however, are not interchangeable and require different proofs. Under the newly-discovered facts exception to an untimely PCRA petition, a petitioner must establish "the **facts** upon which the claim was predicated were **unknown** and…could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis in original). Only if a petitioner meets the statutory jurisdictional requirements by satisfying this exception to the PCRA time-bar, can he then argue for relief on a substantive after-discovered-evidence claim, which requires the

230, 941 A.2d 1263, 1269 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008).

Instantly, Appellant's judgment of sentence became final in March 2005, upon expiration of the time to file a petition for writ of *certiorari* in the U.S. Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari* with United States Supreme Court). Appellant filed the current PCRA petition on January 4, 2018, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar, relying on Mr. Gaines' e-mail and affidavit. Nevertheless, Appellant cannot demonstrate any new facts that were unknown **and** could not have been ascertained through the exercise of due diligence.

Significantly, Mr. Gaines stated that he and Appellant were very close friends and had hung out frequently prior to Appellant's arrest. Appellant also claimed in his PCRA petition that he had been searching diligently for reasons to explain his actions on the day in question. Had Appellant spent time with Mr. Gaines shortly before the shooting spree, Appellant could have inquired of Mr. Gaines if he had observed anything to explain Appellant's actions,

---

petitioner to demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **See, e.g., Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586 (2007); **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806 (2004).

particularly where Appellant claims he has no recollection of the events in question. **See Brown, supra** at 176 (explaining due diligence demands that petitioner take reasonable steps to protect his own interests). **See also** PCRA Court Opinion, filed February 4, 2020, at 3 (concluding: "Appellant makes no attempt to explain why, through due diligence, he could not have discovered this information at any time in the preceding fifteen years").

Additionally, neither the e-mail from Mr. Gaines nor his affidavit specify the date(s) on which Mr. Gaines allegedly observed Mary place Ecstasy in Appellant's drink. Further, Appellant's claim is based on Mary's statement to Mr. Gaines that the pill was Ecstasy, which constitutes inadmissible hearsay that cannot satisfy the "newly-discovered facts" exception in any event. **See Abu-Jamal, supra**. Accordingly, we affirm the order dismissing Appellant's current PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/20