J-S36018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIE JOHNSON, | : | |
| | : | |
| Appellant | : | No. 3047 EDA 2018 |

Appeal from the PCRA Order Entered October 3, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003092-2000

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.: **FILED DECEMBER 7, 2021**

Appellant, Willie Johnson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2001, a jury convicted Appellant of two counts of first-degree murder, two counts of robbery, and other offenses. The court sentenced Appellant on January 4, 2002, to life imprisonment for the murder convictions and imposed lesser terms of imprisonment for the other offenses. This Court affirmed the judgment of sentence on August 20, 2003, and our Supreme Court denied allowance of appeal on March 16, 2004. **See Commonwealth v. Johnson**,

_____

[*] Retired Senior Judge assigned to the Superior Court.

833 A.2d 1146 (Pa.Super. 2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004).

Appellant filed the current serial PCRA petition *pro se* on August 22, 2014. In it, Appellant claimed he received new evidence in the form of an affidavit from Emerson Richburg. In the affidavit, Richburg states that he had been previously incarcerated with two of Appellant's co-defendants, and each co-defendant admitted to Richburg that Appellant had nothing to do with the murders at issue. Appellant attached the affidavit from Richburg and asserted the "newly-discovered facts" exception to the PCRA time-bar.

The court appointed counsel, who subsequently filed an amended PCRA petition. The court issued appropriate notice per Pa.R.Crim.P. 907 on August 30, 2018. On October 2, 2018, the court denied PCRA relief. Appellant timely appealed on October 9, 2018. On October 11, 2018, the court ordered Appellant to file a concise statement; Appellant complied on August 19, 2018.[1]

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of

---

[1] The delays between the filing of the notice of appeal and our disposition of this matter are attributed to the appointment of new appellate counsel and Appellant's multiple requests for an extension of time to file a brief.

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's judgment of sentence became final in June 2004, upon expiration of the time to file a petition for writ of *certiorari* in the U.S. Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari* with United States Supreme Court). Appellant filed the current PCRA petition on August 22, 2014, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar, relying on the Richburg affidavit, which provides alleged statements of Appellant's co-defendants, Mr. Taylor and Mr. Waddy. As the PCRA court notes, however, Mr. Taylor died on December 22, 2014, and Mr. Waddy died on October 14, 2011. (*See* PCRA Court Opinion, filed 11/6/18, at 5). As the Richburg affidavit is based on inadmissible hearsay which fails to satisfy any hearsay exception, his asserted PCRA time-bar exception fails. *See Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008) (explaining claim based on inadmissible hearsay does not satisfy

"newly-discovered facts" exception). Further, the substantive after-discovered evidence claim would similarly fail for this reason. ***See Commonwealth v. Smith***, 518 Pa. 15, 540 A.2d 246 (1988) (stating proposed after-discovered evidence must be producible and admissible). Accordingly, we affirm the order dismissing Appellant's current PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021