J-S20044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
WILLIAM LANGSTON :
:
Appellant : No. 1479 WDA 2021

Appeal from the PCRA Order Entered December 6, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014532-2018

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED: JULY 22, 2022**

Appellant, William Langston, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 1, 2019, Appellant pled guilty to one count of Indecent Assault—Person Less than 13 Years of Age.[1] That same day, the trial court sentenced Appellant to five (5) years of probation. Appellant did not file post-sentence motions or a direct appeal.

On July 20, 2021, Appellant filed a PCRA petition *pro se* and requested the appointment of counsel. The court appointed counsel, who filed an

_____

[1] 18 Pa.C.S.A. § 3126(a)(7).

amended PCRA petition on November 4, 2021. In the amended petition, Appellant acknowledged that his petition was facially untimely, but he alleged he met one of the exceptions to the timeliness requirements of the PCRA. Specifically, Appellant invoked the "newly-discovered facts" exception, claiming that on December 23, 2020, he took a clinical polygraph examination, the results of which allegedly establish that Appellant is not guilty of the underlying charges. The court issued appropriate notice per Pa.R.Crim.P. 907 on November 22, 2021. Appellant responded on December 1, 2021. On December 6, 2021, the court denied PCRA relief.

Appellant timely filed a notice of appeal on December 12, 2021. The next day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed his Rule 1925(b) statement on December 17, 2021.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse

the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's judgment of sentence became final on August 31, 2019, after expiration of the time in which to file a direct appeal expired. **See** Pa.R.A.P. 903(a) (stating notice of appeal must be filed within 30 days). Appellant had one year from that date—until August 31, 2020—to file a timely petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current PCRA petition on July 20, 2021, which is patently untimely. **Id.**

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar based on the results of his polygraph test. Nevertheless, this Court has previously established that clinical polygraph tests, because of their unreliability, are inadmissible as evidence at trial. **See Commonwealth v. Hetzel**, 822 A.2d 747, 767 (Pa.Super. 2003), *appeal denied*, 567 Pa. 711, 839 A.2d 351 (2003). As Appellant's proffered "newly-discovered fact" is based on inadmissible evidence, he cannot satisfy the time-bar exception. **See Commonwealth v. Abu-Jamal**, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008) (explaining claim based on inadmissible evidence does not satisfy "newly-discovered facts" exception). Accordingly, we affirm the order dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/22/2022