941 A.2d 1263

COMMONWEALTH of Pennsylvania, Appellee,

v.

Mumia ABU–JAMAL, Appellant.

Supreme Court of Pennsylvania.

Submitted July 3, 2007.

Decided Feb. 19, 2008.

222

Judith L. Ritter, Esq., Widener University School of Law, Paul M George, Esq., McKinney & George, for Mumia Abu–Jamal.

Amy Zapp, Esq., Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD and McCAFFERY, JJ.

## OPINION

Justice EAKIN.

Mumia Abu–Jamal appeals from the order dismissing his third petition for relief pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541–9546, as untimely. We affirm.

Appellant was sentenced to death in 1983 for the brutal shooting death of a Philadelphia police officer. This Court affirmed, *Commonwealth v. Abu–Jamal*, 521 Pa. 188, 555 A.2d 846 (1989),[1] and the United States Supreme Court denied *certiorari*. *Abu–Jamal v. Pennsylvania*, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 175 (1990). In 1995, appellant filed a PCRA petition,[2] which was denied following evidentiary hearings. This Court affirmed, *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), and *certiorari* was denied. *Abu–Jamal v. Pennsylvania*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999).[3] Appellant filed a second PCRA petition in 2001, which was dismissed as untimely;[4] this Court affirmed, *Commonwealth v. Abu–Jamal*, 574 Pa. 724, 833 A.2d 719 (2003), and *certiorari* was denied. *Abu–Jamal v. Pennsylvania*, 541 U.S. 1048, 124 S.Ct. 2173, 158 L.Ed.2d 742 (2004).

On December 8, 2003, appellant filed a third PCRA petition, alleging he had new evidence that two key Commonwealth witnesses perjured themselves at trial. Specifically, appellant presented the affidavit of Yvette Williams, dated January 28, 2002. Williams stated she was in jail in December, 1981 with Cynthia White,[5] one of the Commonwealth's eyewitnesses. Williams stated White told her she testified appellant was the

1. The underlying facts of the crime are set forth in the opinion on direct appeal. *See id.,* at 848.

2. When appellant filed his petition, the PCRA's timeliness requirement was not yet in effect.

3. After being denied relief on his first PCRA petition, appellant filed a federal habeas corpus petition in 1999. On December 18, 2001, the district court granted appellant a new penalty hearing and denied his other requests for relief. Appellant and the Commonwealth each appealed to the Third Circuit Court of Appeals; the appeals remain pending.

4. *See* 42 Pa.C.S. § 9545(b)(1) (any petition, including second or subsequent one, shall be filed within one year of date judgment becomes final); *id.,* § 9545(b)(3) (judgment becomes final at conclusion of direct review, including discretionary review in United States Supreme Court and this Court, or at expiration of time for seeking such review).

5. White died in 1992.

shooter because the police threatened her;[6] she had not actually seen the shooting. Williams further stated she contacted appellant's counsel with this information in December, 2001.

Appellant also presented the unsworn declaration of Kenneth Pate, dated April 18, 2003. Pate, appellant's fellow inmate, stated he had a telephone conversation in late 1983 or early 1984 with hospital security guard Priscilla Durham, who testified appellant confessed to the crime when he was brought to the hospital after the shooting for treatment of his own injuries. According to Pate, Durham said the police told her she was part of their "brotherhood," and she had to testify she heard appellant say he killed the police officer.

■ Appellant argued his third PCRA petition fell within 42 Pa.C.S. § 9545(b)(1)(ii)'s timeliness exception; the evidence was unknown to him and could not have been ascertained by the exercise of due diligence because its discovery was dependent on Williams and Pate coming forward.[7] Appellant also

6. White had many charges pending against her at the time of trial and allegedly feared having those charges consolidated and being sent to state prison. *See* Williams Affidavit, PCRA Petition, 12/8/03, Ex. 1, at 2.

7. This exception is frequently referred to as the "after-discovered evidence" exception. However, the evidence appellant points to is post-verdict recantation, which "may 'fall under the heading' of after-discovered evidence, but this is only because it is 'discovered after' trial. True 'after-discovered evidence' is evidence that was existent but undiscovered at the time of trial as opposed to recantation evidence which did not exist at trial." *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806, 826 (2004) (Eakin, J., concurring). "[A]fter-discovered evidence existed at the time of trial, it was just not discovered until later. Recantation is new evidence, withdrawing, or repudiating that which went before; by definition, this 'new' evidence was nonexistent at the time of trial." *Id.*, at 827. *D'Amato* analyzed the appellant's recantation evidence claim under the four-prong test for the after-discovered evidence exception, *see Id.*, at 823–24 (citing *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 94 (1998)); *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167, 1180 (1999), and such test remains the standard. Recently, this Court addressed the discrepancy between "after-discovered evidence" and § 9545(b)(1)(ii)'s timeliness exception:

We have repeatedly referred to this subsection as the "after-discovered evidence" exception to the one-year jurisdictional time limitation. This shorthand reference was a misnomer, since the plain language

argued his petition fell within § 9545(b)(1)(i)'s exception; his failure to raise the claim previously was the result of interference by government officials. Appellant asserted he was prevented from raising his claims earlier, claiming the prosecution's failure to disclose "that it was providing false evidence that implicated [appellant] in the homicide" constituted a *Brady*[8] violation. PCRA Petition, 12/8/03, at 24.

Because Williams' and Pate's declarations were not made until the appeal from the denial of appellant's second PCRA petition was pending, appellant claimed he was precluded from filing his third petition until after the appeal of the second petition was decided, pursuant to *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585 (2000) (when PCRA appeal is pending, subsequent PCRA petition cannot be filed until resolution of review of pending PCRA petition by highest state court in which review is sought, or at expiration of time for seeking such review). Having filed his petition 60 days after this Court decided the appeal of his second petition October 8, 2003, appellant asserted the petition was timely. *See* 42 Pa.C.S. § 9545(b)(2) (petition invoking timeliness exception shall be filed within 60 days of date claim could have been presented).

The PCRA court scheduled a hearing on the issue of whether appellant's third petition fell within the timeliness exceptions of § 9545(b)(1)(i)-(ii). Prior to the hearing, this Court decided *Commonwealth v. Johnson*, 580 Pa. 594, 863

of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, it simply requires petitioner to allege and prove that there were "facts" that were "unknown" to him and that he exercised "due diligence."

* * *

Any confusion created by the mislabeling of this subsection, however, should have been dispelled by our decision in *Commonwealth v. Lambert*, [ ] 884 A.2d 848 (2005).... [O]ur opinion in *Lambert* indicated that the plain language of subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving "after-discovered evidence." *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1270–72 (2007) (citation omitted).

8. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (prosecution's suppression of evidence favorable to accused, when requested, is due process violation).

A.2d 423 (2004), which held § 9545(b)(1)(ii)'s exception focused on newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts. *Id.*, at 427. In *Johnson*, the defense theory was the Commonwealth's key witness conspired with the police to give false testimony. After the judgment of sentence was affirmed on direct appeal and the defendant's first PCRA petition was denied on its merits, the defendant filed a second PCRA petition that was untimely. He argued the petition fell within § 9545(b)(1)(i)-(ii)'s timeliness exceptions because the Commonwealth violated *Brady* by withholding impeachment evidence that the witness was a drug dealer who colluded with the police. In support of this claim, the key witness signed an affidavit stating he was a gang member and the police came to him for information. This Court affirmed the dismissal of the petition as untimely, holding there was no *Brady* violation because the information the defendant cited was available to him and could have been discovered with reasonable diligence. *Johnson*, at 426–27. We rejected the defendant's argument that even if the information was available to him prior to execution of the affidavit, the witness's subsequent admission to the facts transformed them into newly-discovered evidence: "a witness' admission of evidence previously available to a petitioner cannot resurrect an untimely PCRA claim...." *Id.*, at 427.

The PCRA court rescheduled appellant's hearing so the parties could brief the issue of whether, under *Johnson*, the court lacked jurisdiction to consider the petition because it was untimely. *See* PCRA Court Order, 1/6/05. Following briefing, the court issued notice of its intention to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 909(B)(2)(a). The court agreed with appellant that *Lark* precluded filing the current petition until the appeal of the second petition was decided October 8, 2003, and appellant had filed the current petition within 60 days of that date; however, the court concluded, under *Johnson*, the current petition was untimely because the evidence appellant advanced did not qualify under § 9545(b)(1)(ii). *See* PCRA Court Opinion, 5/27/05, at 11, 13–14. The court noted appellant's third peti-

tion did little more than reiterate the claims in his two prior petitions; the only "new" claim was that two new witnesses, Williams and Pate, came forward to testify to the previously raised claim of fabricated testimony. *Id.*, at 14. Accordingly, the PCRA court dismissed appellant's petition as untimely; appellant now appeals.

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. *Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001). A second or subsequent request for PCRA relief will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred. *Commonwealth v. Carpenter*, 555 Pa. 434, 725 A.2d 154, 160 (1999). The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. *See, e.g., Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261 (1999); *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222 (1999); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 641 (1998). It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. *See Beasley*, at 1261.

Appellant argues the alleged *Brady* violation falls within § 9545(b)(1)(i)-(ii)'s exceptions to the one-year filing period. Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. *Breakiron*, at 98. Section 9545(b)(1)(ii)'s exception requires the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. *Commonwealth v. Lambert*, 584 Pa. 461, 884 A.2d 848, 852 (2005). In *Bennett*, we clarified that § 9454(b)(1)(ii)'s exception does

not contain the same requirements as a *Brady* claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Bennett,* at 1271 (quoting *Lambert,* at 852).

Appellant asserts he was not aware of Williams' testimony until she contacted his attorney in late December, 2001. He does not specify when he became aware of Pate's testimony; however, Pate's declaration states "[s]ometime in 1984" he became aware Durham's trial testimony differed from her account to him during their telephone conversation, and he sent appellant a note about Durham; he again mentioned Durham's conflicting stories to appellant in the prison yard "[s]ometime between" December, 2002 and February, 2003. Pate Declaration, PCRA Petition, 12/8/03, Ex. 2, at 5–8.

Appellant argues *Johnson* is distinguishable because there, the alleged new facts either were known to defense counsel at trial or could have been easily uncovered through sources available to the defense. He contends there was no way he could have known of the "facts" that White and Durham confided their perjuries to Williams and Pate until the latter two came forward long after trial. The Commonwealth counters that *Lark* is dispositive, and the one-year time-bar for filing the current petition was not tolled by the pending appeal of the second petition, because the second petition was untimely; thus, contrary to the PCRA court's conclusion, the current petition was untimely under *Lark.*

In *Lark,* the defendant filed a timely PCRA petition, which was denied in 1995, and he appealed. In April, 1997, while the appeal was still pending, he discovered alleged evidence of discriminatory jury selection practices by the district attorney's office. The appeal was decided July 23, 1997, affirming the denial of the defendant's first PCRA petition, and within 60 days, the defendant filed a second PCRA petition asserting § 9545(b)(1)(ii)'s exception. The PCRA court held the petition was untimely because it was not filed within 60 days from the

date the defendant could have presented it after discovering the new evidence in April, 1997. This Court disagreed, holding when a PCRA appeal is pending, a subsequent PCRA petition cannot be filed until the appeal of the first petition is resolved. *Lark*, at 588. We noted the defendant could not have filed his second PCRA petition in the trial court while the appeal of his first petition was pending before this Court, because the trial court lacked jurisdiction to adjudicate issues directly related to the matter; only this Court had jurisdiction. *Id.* Thus, we concluded the pertinent time for filing the second petition was 60 days from the date of the order resolving the appeal of the first PCRA petition. *Id.* Accordingly, the defendant's presentation of his claim concerning the timeliness exceptions was timely.[9]

Here, the appeal of appellant's second PCRA petition was not decided until October 8, 2003; appellant filed the current petition December 8, 2003, 60 days later.[10] However, he offers no explanation regarding why he did not pursue the claim regarding the evidence from Williams when he became aware of it in late December, 2001;[11] instead, he filed an appeal January 9, 2002, from the denial of his second petition, effectively suspending the availability of relief on his claim regarding White's alleged perjury until after disposition of the appeal. *See Lark, supra.* Furthermore, he offers no explanation as to why Pate, who asserted he was aware of Durham's alleged perjury in 1984, did not come forward with this

9. We held the claim itself was meritless, however, as the defendant failed to prove the applicability of any of the timeliness exceptions. *See id.,* at 588–91.

10. December 7 was actually the 60th day, but it was a Sunday. *See* PCRA Court Opinion, 5/27/05, at 11 n. 3.

11. Appellant cites January 28, 2002, the date Williams' statement was reduced to writing, as the date he became aware of this information; he claims because his appeal from the denial of his second petition was pending at that time, he could not file another PCRA petition. However, the date of the declaration was not the first time appellant was aware of Williams' information; Williams contacted appellant's counsel in late December, 2001. *See* Williams Affidavit, PCRA Petition, 12/8/03, Ex. 1, at 3–4. Furthermore, although White died in 1992, there is no explanation why Williams waited until nearly a decade later to report their alleged conversation.

information until nearly 20 years later. *See* Pate Declaration, PCRA Petition, 12/8/03, Ex. 2, at 5–7. Thus, we cannot say appellant raised his issues regarding the applicability of § 9545(b)(1)(i)-(ii)'s exceptions in a timely manner under *Lark.*

Furthermore, appellant failed to demonstrate White's alleged perjury falls under § 9545(b)(1)(ii)'s exception. As the PCRA court noted, White's "credibility and potential reasons for testifying falsely were examined exhaustively at trial[,]" PCRA Court Opinion, 5/27/05, at 15 (citing N.T. Trial, 6/22/82, at 24, 195–213), and "[n]o one ever mistakenly believed that [she] was a model citizen." *Id.*[12] The fact appellant discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of § 9545(b)(1)(ii). *See Johnson,* at 427.

■ Pate's testimony regarding Durham's alleged perjury likewise does not meet § 9545(b)(1)(ii)'s exception because a claim based on inadmissible hearsay does not implicate this exception. *See Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581, 592 (1999). Because Pate's testimony concerned an out-of-court statement by Durham relied upon for its truth, it was hearsay. *See* Pa.R.E. 801(c) (hearsay is statement, other than one made by declarant while testifying at trial, offered in evidence to prove truth of matter asserted). Appellant contends Durham's statement to Pate was a statement against interest and is admissible under the hearsay exception in Pa.R.E. 804(b)(3). However, for this exception to apply, the declarant must be unavailable as a witness, *see* Pa.R.E. 804(b), and appellant offers no proof Durham is not available. Therefore, Pate's declaration was inadmissible hearsay and does not fall under § 9545(b)(1)(ii)'s timeliness exception.

■ Finally, with regard to § 9545(b)(1)(i)'s governmental interference exception, we agree with the PCRA court's conclusion appellant "fails to plead jurisdictional facts, which, if proven would establish as a matter of law that he acted with

12. *See also Abu–Jamal,* 720 A.2d at 96–100 (addressing appellant's claim on appeal from denial of second PCRA petition that Commonwealth failed to disclose favors given to White in exchange for her testimony).

due diligence." PCRA Court Opinion, 5/27/05, at 17. As previously noted, appellant offers no explanation regarding why Williams and Pate did not come forward sooner, has already had the opportunity to attack White's credibility at trial, and fails to explain why the information concerning Durham could not have been obtained earlier with the exercise of due diligence; thus, he fails to meet his burden of proof regarding the governmental interference exception. *See Breakiron*, at 98.

As the PCRA court properly concluded appellant's third PCRA petition was untimely and did not fall under § 9545(b)(1)(i)-(ii)'s timeliness exceptions, we affirm its order dismissing the petition.

Order affirmed.[13]

Justice McCAFFERY did not participate in the consideration or decision of this case.

Chief Justice CASTILLE and Justice BAER join the opinion.

Justice SAYLOR and Justice TODD concur in the result.

13. The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor pursuant to 42 Pa.C.S. § 9711(i).