J-S71025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL BOOKARD, | |
| Appellant | No. 1173 EDA 2017 |

Appeal from the PCRA Order Entered March 6, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at Nos: CP-23-CR-0003319-1999

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 06, 2018**

Appellant, Michael Bookard, appeals *pro se* from the March 6, 2017 order dismissing his third petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq*.  We affirm.

On August 1, 2000, a jury found Appellant guilty of third degree murder, 18 Pa.C.S.A. § 2502(c), four counts of aggravated assault, 18 Pa.C.S.A. § 2701(a)(1), and possession of a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1).  The trial court imposed an aggregate sentence of 40-80 years' imprisonment.  On direct appeal, this Court affirmed the judgment of sentence on February 11, 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on December 18, 2002.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In 2003, Appellant filed a PCRA petition, which the PCRA court dismissed. Appellant filed a timely appeal, and this Court affirmed on August 2, 2005 at 2289 EDA 2004. Appellant did not appeal to our Supreme Court.

Over ten years later, on August 17, 2015, Appellant filed another PCRA petition. In February 2016, the PCRA court dismissed this petition as untimely. Appellant appealed to this Court at 691 EDA 2016. We dismissed the appeal on August 19, 2016 due to Appellant's failure to file a brief.

On September 19, 2016, Appellant, acting *pro se*, filed his third PCRA petition, the petition presently under review. On October 27, 2016, the PCRA court issued a notice of intent to dismiss this petition without a hearing. On March 6, 2017, the PCRA court entered an order dismissing the petition as untimely. This timely appeal followed. The PCRA court filed a Pa.R.A.P. 1925(a) opinion without ordering Appellant to file a statement of matters complained of on appeal. The PCRA court held that Appellant's present petition was untimely, and that he failed to prove any exception to the PCRA's one-year statute of limitations.

In this appeal, Appellant contends that (1) his sentence is excessive, (2) the prosecutor concealed exculpatory evidence, (3) trial counsel was ineffective for failing to object to the prosecutor's concealment of exculpatory evidence and the length of Appellant's sentence, and (4) the District Attorney's Office and trial court committed "governmental interference" by failing to provide Appellant a trial transcript until January 14, 2005.

The PCRA court properly dismissed Appellant's petition as untimely. PCRA petitions must be filed within one year of the time the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b). The timeliness requirement of § 9545(b)(1) is jurisdictional; we cannot address the merits of an untimely petition. ***Commonwealth v. Abu Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008). Appellant filed his present petition on September 19, 2016, over twelve years after his judgment of sentence became final. Thus, it is untimely on its face.

Furthermore, Appellant's petition fails to satisfy any of the three exceptions to the PCRA's timeliness requirements. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). The PCRA requires the petitioner to file any petition invoking one or more of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In order for his September 19, 2016 petition to be timely, Appellant would have to prove that he learned of the grounds for relief no earlier than July 21, 2016, *i.e.*, 60 days before he filed the instant petition. However, Appellant fails to allege that he learned of any ground for relief on or after this date. To the contrary, it seems clear that he has known about his claims for many years. For example, he claims "governmental interference" due to the alleged failure to provide him with a trial transcript until January 14, 2005. This claim clearly ripened on the date he received the transcript, January 14, 2005, over eleven years before he filed his present petition.

For these reasons, the PCRA court properly dismissed Appellant's third PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/18