J-S22029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARREN L. JOHNSON | |
| Appellant | No. 2116 EDA 2017 |

Appeal from the PCRA Order entered June 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0113961-1993

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 1, 2018**

Appellant, Darren L. Johnson, appeals *pro se* from an order dismissing his sixth petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 30, 1993, Appellant waived a jury trial, and the trial court found him guilty of first-degree murder and possessing an instrument of crime ("PIC").  On January 9, 1994, the court sentenced him to the mandatory term of life imprisonment for murder and a concurrent term of 2½-5 years' imprisonment for PIC.  Appellant filed a direct appeal, and on February 6, 1995, this Court affirmed his judgment of sentence.  On August 22, 1995, our

_____

* Retired Senior Judge assigned to the Superior Court.

Supreme Court denied his petition for allowance of appeal. Appellant did not appeal to the United States Supreme Court.

On May 14, 1996, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. On September 23, 1998, the PCRA court denied the amended petition. On October 1, 1999, this Court affirmed, and on February 11, 2000, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On March 30, 2001, Appellant filed a second PCRA petition. On August 30, 2001, the PCRA court dismissed the petition as untimely. On October 7, 2002, this Court affirmed the dismissal.

On May 21, 2012, Appellant filed a third PCRA petition. On January 7, 2013, the PCRA court dismissed the petition as untimely. Appellant did not appeal.

On April 9, 2014, Appellant filed a fourth PCRA petition. On November 4, 2014, the PCRA court dismissed it as untimely. On August 5, 2015, this Court affirmed. On April 30, 2015, while the appeal from the dismissal of his fourth PCRA petition was pending, Appellant filed a petition for writ of habeas corpus. On July 6, 2015, after the dismissal was affirmed, Appellant filed a supplemental petition for writ of habeas corpus. On January 4, 2016, the PCRA court denied the supplemental petition, stating in an accompanying memorandum that his claim was cognizable under the PCRA, that it was untimely filed, and that it failed to raise any exception to the PCRA time bar.

On January 11, 2016, Appellant filed a "Petition to Vacate a Void Judgment." On January 19, 2016, the PCRA court responded with a second order dismissing the petition as untimely. On September 7, 2016, this Court affirmed and ruled that the PCRA court had properly dismissed the petition as an untimely PCRA petition.

On September 19, 2016, Appellant filed his sixth PCRA petition, the petition presently under review, which he titled a habeas petition. On April 13, 2017, he filed a supplemental petition without leave of court. On May 4, 2017, again without leave, he filed an "Amended Post-Conviction Relief Act Petition." On June 19, 2017, the PCRA court dismissed of all these petitions as untimely PCRA petitions. This appeal followed.

Appellant raises four claims in this appeal:

I. Did the [PCRA] trial court (err) in applying the PCRA statute to Appellant's habeas petition?

II. Whether Appellant's [s]entencing [p]rocedure is in compliance with the [a]pplicable standards of the Sentencing Code?

III. Whether the PCRA Court erred in determining that Appellant's waiver of a jury trial form satisfies 42 Pa.C.S.[A.] §9711(b)'s sentencing procedure?

IV. Whether the Office of Judicial Records of Philadelphia County interfered with the presentation of Appellant's claims?

Appellant's Brief at 5.

Although Appellant lists four issues, we can find only three arguments in his brief. For the reasons provided below, none of Appellant's petitions is timely under the PCRA's one-year timeliness provisions.

- 3 -

First, Appellant argues that he was tried without a jury despite not waiving his right to a jury trial. Appellant's Brief at 19 ("there is no waiver of a sentencing jury colloquy or signed sentencing jury waiver form in the notes of testimony of January 4, 1994 or record"). He also argues that this is cognizable as a habeas claim, and therefore the PCRA's time bar does not apply. We disagree.

It is clear that Appellant attempts to raise a claim of constitutional error, specifically a violation of his Sixth Amendment right to a jury trial. Such claims fall within the purview of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i) (PCRA relief is available for "a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"). Therefore, Appellant's claim must be timely under the PCRA's timeliness provisions in order for him to obtain relief.

The PCRA court properly dismissed this claim as untimely. PCRA petitions must be filed within one year of the time the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b). The timeliness requirement of § 9545(b)(1) is jurisdictional; we cannot address the merits of an untimely petition. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267–68 (Pa. 2008). Here, Appellant's judgment of sentence became final ninety days after our Supreme Court denied his petition for allowance of direct appeal, or on

November 21, 1995.  42 Pa.C.S.A. § 9545(b)(3).  Appellant filed his present petition on September 19, 2016, over twenty years after his judgment of sentence became final.  Thus, it is untimely on its face.

Furthermore, Appellant's petition fails to satisfy any of the three exceptions to the PCRA's timeliness requirements.  42 Pa.C.S.A. § 9545(b)(1)(i-iii).  The PCRA requires the petitioner to file any petition invoking one or more of these exceptions "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  Appellant's petition does not fall within any of the three exceptions.  He asserts that the newly-discovered fact exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), applied based on his recent discovery of a news article concerning the resentencing of juveniles serving life sentences.  However, "[a] petitioner must explain why he could not have learned the new fact(s) [upon which he bases his claim] earlier with the exercise of due diligence." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011).  Appellant made no showing of due diligence or how the news article was even relevant to his claim.  He therefore fails to satisfy the time-bar exception.

Second, Appellant argues that his sentencing proceeding violated 42 Pa.C.S.A. § 9711(b), the statute that governs death penalty proceedings. Even if that statutory provision applied, which does not appear to be the case,[1]

---

[1] Appellant was sentenced to life imprisonment, not death, so Section 9711 does not appear pertinent.

Appellant fails to demonstrate that this claim is timely. As explained above, his PCRA petition is untimely on its face. Moreover, he fails to explain how this argument is timely under any of the exceptions to the PCRA's time-bar. As above, he claims that the newly-discovered fact exception applies based on his recent discovery of the news article concerning resentencing of juveniles. He fails to explain how this article caused him to identify some nexus between Section 9711 and his case.

Third, Appellant claims that during trial, the prosecutor caused the trial court to reach a "mandatory presumption" that the specific intent to kill is inferred from the use of a deadly weapon upon a vital part of the body. Appellant's Brief at 15-16. Once again, this argument is untimely on its face. Trial took place in 1993. Appellant fails to explain why he did not raise this objection until his sixth PCRA petition in 2016, 23 years after trial.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/18