**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD HOWARD | : | |
| | : | |
| Appellant | : | No. 495 WDA 2022 |

Appeal from the PCRA Order Entered April 1, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000530-2010

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED:  September 30, 2022**

Donald Howard (Howard) appeals from the order of the Court of Common Pleas of Erie County (PCRA court) dismissing his serial petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

In February 2011, a jury found Howard guilty of second-degree murder, robbery, theft by unlawful taking and burglary.[1]  After the trial court sentenced him to life imprisonment, Howard filed a direct appeal that we later dismissed. The PCRA court reinstated his direct appeal rights *nunc pro tunc* following which he filed another direct appeal.  In March 2013, we affirmed his judgment

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), 3921(a) and 3502(a).

of sentence. *See Commonwealth v. Howard*, 69 A.3d 181 (Pa. Super. 2013) (unpublished memorandum).

In February 2014, Howard filed his first PCRA petition raising two ineffective assistance of counsel claims and a claim that he was denied the right to confront a witness whose testimony was admitted into evidence through a police witness. Howard refused the appointment of PCRA counsel and amended his petition to raise additional claims. At the PCRA hearing, the PCRA court conducted an on-the-record colloquy under *Commonwealth v. Grazier*, 73 A.2d 81 (Pa. 1998) and Pa.R.Crim.P. 121, following which the PCRA court determined that Howard validly waived his ruled-based right to counsel in a first-time PCRA petition. After hearing testimony from both Howard and his trial counsel, the PCRA court entered an order dismissing the petition. After the dismissal, Howard filed a counseled appeal. In January 2016, this Court affirmed the PCRA court's dismissal of Howard's petition. *See Commonwealth v. Howard*, 136 A.3d 1026 (Pa. Super. 2016) (unpublished memorandum).

After unsuccessfully filing several more petitions, Howard filed this serial petition for PCRA relief on January 31, 2022, which he labeled "*Brady v. Maryland* Claim of Actual Innocence." On March 10, 2022, the PCRA court gave notice of its intent to dismiss the petition without hearing under Pa.R.Crim.P. 907(1). In the notice, the PCRA court explained that Howard's petition was filed over eight years after his judgment of sentence became

final, thus requiring him to plead and prove that his petition fell under the three enumerated timeliness exceptions set forth under 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Finding that Howard failed to plead and prove any of the exceptions, the PCRA court explained:

> Although Howard raises claims of prosecutorial misconduct that occurred at trial, he does not allege in his Petition that his failure to timely raise the claim within the one-year time bar was the result of government interference or misconduct, as required under Section 9545(b)(1)(i), nor does he claim that any of the alleged facts underlying his claims were unknown to him at the time of trial or could not have been ascertained by the exercise of due diligence. Neither does Howard make any claim concerning the retroactive application of a constitutional right. Indeed, he fails to even acknowledge that his Petition is filed beyond the one-year time bar despite that fact that at least one prior PCRA Petition at this docket was dismissed for that very reason. *See* Notice of Intent to Dismiss PCRA Without Hearing Pursuant to Pa.R.Crim.P. 907(1), Docket No. 530-2010 (Erie. Co. April 22, 2020) (Mead, J.). The PCRA's statutory time bar remains just as applicable today as it did then. Because Howard's present Petition does not allege an exception to the one-year time bar of Section 9545(b)(1), it is patently untimely and must be dismissed.

Rule 907 Notice, 3/10/22, at 2-3 (footnote omitted).

After receiving Howard's response, the PCRA court entered its order formally dismissing the serial petition without hearing on April 1, 2022.[2]

_____

[2] Upon review of the trial court docket, we discovered that the there was no entry for the PCRA court's April 1, 2022 order dismissing the petition. Rather, there was only an entry on that same date for a second notice of intent to dismiss. Under Pa.R.A.P. 301(a)(1), an order is not appealable until it has been entered upon the trial court docket. As a result, on July 15, 2022, we entered an order directing the Erie County Clerk of Courts to docket the April 1, 2022 "Order" dismissing Howard's serial PCRA petition and to forward this
*(Footnote Continued Next Page)*

Howard subsequently filed this appeal to reassert the merits of the claims he raised in his serial petition.[3]

Before considering the merits of Howard's serial PCRA petition, we first consider whether the PCRA court properly found that it was untimely under the PCRA's jurisdictional time-bar. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. *See Commonwealth v. Moore,* 247 A.3d 990, 998 (Pa. 2021).

Here, Howard's judgment of sentence became final in 2013 after he declined to file a petition for allowance of appeal in our Supreme Court after we affirmed his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) ("For

_____

Court a copy of the amended trial court docket, which was since been completed.

[3] We review the decision to deny PCRA relief to determine whether the decision "is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa. Super. 2018) (citation omitted). Where the PCRA court declined to hold an evidentiary hearing, we consider whether the petition presented any genuine issues of material fact that warranted a hearing. *Id.* We review the court's legal conclusions *de novo*. *Id.*

purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Howard's serial petition was not filed until January 31, 2022, thus making it patently untimely. To overcome the one-year time bar, "[i]t is [Howard's] burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted). The timeliness exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking an exception must be filed within one year of the date the claim could have been presented. **Id.** at § 9545(b)(2).

On appeal, Howard again fails to assert any of the timeliness exceptions to the PCRA jurisdictional time-bar. In fact, Howard fails to even acknowledge the basis for the PCRA court's dismissal of his serial petition, even though, as

noted, the court gave him notice that his petition was being dismissed for failure to plead and prove any of the exceptions. Instead, Howard does on appeal what he did in the PCRA court and goes forward with his argument as if he is entitled to merits review regardless of the PCRA time-bar. However, as stated above, the PCRA's timeliness requirements are jurisdictional in nature and cannot be overlooked. As a result, Howard's continued failure to even attempt to plead and prove any of the timeliness exceptions compels us to affirm the PCRA court's order dismissing his serial petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2022