J-S40035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN HOGAN | : | |
| | : | |
| Appellant | : | No. 1771 EDA 2022 |

Appeal from the PCRA Order Entered June 15, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0004559-1994

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.:　　　　　　　**FILED JANUARY 25, 2023**

Appellant, Kevin Hogan, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, denying as untimely his serial petition for relief filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  In 1994, a jury convicted Appellant of first-degree murder.  The court sentenced him on January 25, 1995, to life imprisonment.  This Court affirmed the judgment of sentence on October 30, 1996, and our Supreme Court denied allowance of appeal on April 28, 1997.  *See Commonwealth v. Hogan*, 687 A.2d 856 (Pa.Super. 1996), *appeal denied*, 548 Pa. 625, 693 A.2d 966 (1997).

Appellant filed the current, serial PCRA petition *pro se* on March 29, 2022.  The court dismissed the petition as untimely on June 15, 2022.

Appellant timely filed a *pro se* notice of appeal on July 6, 2022. The court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) concise statement.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final on July 27, 1997, upon expiration of the time for Appellant to file a petition for writ of *certiorari* in the U.S. Supreme Court. ***See*** U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*). Thus, Appellant's current PCRA petition filed on March 29, 2022, is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar at Section 9545(b)(1)(ii), relying on an affidavit from Pierre Pinson. Specifically, Appellant claims that while incarcerated with Mr. Pinson in 2021, Mr. Pinson told Appellant that Robert Hall (a Commonwealth witness who testified against Appellant at trial)

admitted to Mr. Pinson having falsely implicated Appellant in the murder. Nevertheless, as the Pinson affidavit is based on inadmissible hearsay which fails to satisfy any hearsay exception,[1] Appellant's asserted PCRA time-bar exception fails. **See Commonwealth v. Abu-Jamal**, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008) (explaining claim based on inadmissible hearsay does not satisfy "newly-discovered facts" exception).    Accordingly, we affirm the order dismissing Appellant's current PCRA petition as untimely.[2]

Order affirmed.

---

[1] Appellant claims Mr. Hall's statement to Mr. Pinson was "spontaneous" such that it satisfies the "excited utterance" hearsay exception at Pa.R.E. 803(2) (defining excited utterance exception as statement relating to startling event or condition, made while declarant was under stress of excitement that it caused).  As the Commonwealth points out, however, even if Mr. Hall's alleged statement to Mr. Pinson can be viewed as "spontaneous," Appellant fails to articulate any "shocking occurrence" from Mr. Hall's perspective, or any "event sufficiently startling…as to render [Mr. Hall's] reflective thought processes inoperable" during the conversation between Mr. Hall and Mr. Pinson. **See Commonwealth v. Murray**, 623 Pa. 506, 539-40, 83 A.3d 137, 157-58 (2013) (explaining that to satisfy excited utterance hearsay exception it must first be shown that declarant had witnessed event sufficiently startling and so close in point of time as to render declarant's reflective thought processes inoperable and, second, that his declarations were spontaneous reaction to that startling event).

[2] The court's failure to issue Rule 907 notice prior to denying PCRA relief is not reversible error where the petition is untimely. **See Zeigler, supra** at 851 n.2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2023