J-S28009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                                                  :
                  v.                     :
                                                  :
                                                  :
KHALIF THOMAS                     :
                                                  :
               Appellant          :     No. 2543 EDA 2023

Appeal from the PCRA Order Entered September 7, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004334-2016

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:          **FILED JANUARY 14, 2025**

Appellant, Khalif Thomas, appeals *pro se* from the September 7, 2023 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The record reveals that, on December 30, 2015, Appellant shot the victim, Naeem Garfield, at point blank range in an apparent dispute over a game of dice. Several eyewitnesses at or near the scene identified Appellant as the shooter. Garfield was transported to a hospital and pronounced dead that evening. On March 27, 2017, a jury found Appellant guilty of first degree murder (18 Pa.C.S.A. § 2502(a)), for which the trial court immediately imposed a sentence of life in prison without parole. This Court affirmed the judgment of sentence in a published opinion on August 3, 2018. ***Commonwealth v. Thomas***, 194 A.3d 159 (Pa. Super. 2018), *appeal denied*,

223 A.3d 669 (Pa. 2020). After Appellant sought and received the right to petition for an allowance of appeal *nunc pro tunc*, Our Supreme Court denied allowance of appeal on January 27, 2020. Appellant did not file a writ of *certiorari* in the United States Supreme Court. Appellant's judgment of sentence became final on April 27, 2020,[1] the expiration of the 90-day period within which he could have sought review from the United States Supreme Court. U.S. S.Ct. R. 13.1.

Appellant filed the instant facially untimely petition, his third since the Pennsylvania Supreme Court denied allowance of appeal, on January 11, 2023. In it he alleged, among other things, that trial witness Eric McDowell provided a letter, dated June 14, 2022, and an affidavit, dated September 20, 2022, recanting his trial testimony on behalf of the Commonwealth. In the affidavit, McDowell claimed he was not an eyewitness and that another person had confessed to being the shooter. On June 16, 2023, the PCRA court issued its notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded to the notice on July 11, 2023, and the Commonwealth filed a response on August 2, 2023. On September 7, 2023, the PCRA court issued an opinion and the order on appeal. The PCRA court dismissed the recantation claim on the merits and dismissed the remaining claims as untimely.

---

[1] April 26, 2020, the ninetieth day, fell on a Sunday.

On an appeal from a denial of relief under the PCRA, we must determine whether the record supports the PCRA court's factual findings and whether the PCRA court committed an error of law. **Commonwealth v. Green**, 14 A.3d 114, 116 (Pa. Super. 2011), *appeal denied*, 27 A.3d 223 (Pa. 2011). Any PCRA petition must be filed within one year of the date on which the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b). The PCRA's timeliness deadlines are jurisdictional; we will not address the merits of an untimely petition. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa. 2008). This one, filed more than three years after our Supreme Court denied allowance of appeal, is facially untimely. Appellant therefore needed to plead and prove the applicability of one of the PCRA's timeliness exceptions set forth at § 9545(b)(1)(i-iii). The only claim the PCRA court addressed on the merits, and the only claim Appellant addresses in his *pro se* brief, is McDowell's recantation. We will confine our analysis accordingly.

First, we examine whether Appellant timely raised McDowell's recantation as a newly discovered fact under § 9545(b)(1)(ii). This exception requires proof from the petitioner that: (1) the claim must be based on facts that were unavailable at the time of trial; and (2) the facts on which the claim is based could not have been obtained any earlier by the exercise of due diligence. **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*), *appeal dismissed*, 140 A.3d 675 (Pa. 2016). "Due diligence demands that the petitioner take reasonable steps to protect his own

interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Id.* (quoting *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012)).

The petitioner in *Medina* alleged the recantation of a child witness who claimed to have seen the petitioner on the evening of the crime drunk, brandishing a knife, and stating he would kill somebody that night. *Id.* at 1213. The circumstances were such that the petitioner could not have known at the time of trial that the child was lying, and there was no direct evidence linking the petitioner to the scene of the crime. *Id.* Fourteen years after trial, the witness first disclosed that the police had coerced his testimony. *Id.* at 1217. The *Medina* Court held that the petition was timely.

Similarly, in this case, there is nothing in the record to establish that Appellant, at the time of the shooting, was aware of whether McDowell was in a position to observe the events leading up to the shooting. McDowell's trial testimony was that he was on the opposite side of the street from the dice game, at which he observed Appellant and other parties to the game of dice that he knew by nickname. N.T. Trial, 3/22/17, at 66. McDowell ran when he saw Appellant pull a gun on the victim and heard gunshots as he was running away. *Id.* at 70-72.

Appellant, in his response to the PCRA court's Rule 907 notice, asserted that he first became aware of McDowell's recantation on October 5, 2022,

when he received a copy McDowell's affidavit. Response to Rule 907 Order, 7/11/23, at 2. Regardless of the date on which Appellant first became aware of McDowell's recantation, McDowell's earlier recantation letter was dated June 14, 2022. Appellant field his petition within one year of that date, in accordance with § 9545(b)(2). Given that fact and given McDowell's trial testimony indicating that he observed Appellant from across the street, the PCRA court found that McDowell's recantation was a newly discovered fact that could not have been obtained earlier. The record supports the PCRA court's findings, and we therefore move to the merits.

We are mindful of the following:

> This Court has repeatedly acknowledged the limitations inherent in recantation testimony, which has been characterized as extremely unreliable. In fact, we have remarked that there is no less reliable form of proof, especially where it involves an admission of perjury. For that reason, we have emphasized that, when addressing an after-discovered evidence claim premised on recantation testimony, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. Unless the [PCRA] court is satisfied that the recantation is true, it should deny a new trial.

***Commonwealth v. Small***, 189 A.3d 961, 977 (Pa. 2018) (internal citations and quotation marks omitted).

The PCRA court did not conduct an evidentiary hearing, instead concluding that McDowell's recantation lacks credibility in light of the evidence as a whole. The PCRA court noted that McDowell, in his June 14. 2022 recantation letter claimed **he was at the scene** but saw someone other than Appellant shoot the victim. In his September 20, 2022 affidavit, McDowell

- 5 -

claimed he was **not at the scene**, and that another person later confessed to McDowell that he, not Appellant, was the shooter. In other words, McDowell's two recantation documents offered irreconcilably contradictory versions of the facts. And both contradict his sworn trial testimony. We conclude, in accordance with our standard of review, that the record supports a finding that McDowell's recantation was not credible. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/14/2025