J-S32001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES A. GRAY :
:
Appellant : No. 3128 EDA 2023

Appeal from the PCRA Order Entered November 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1216121-1987

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED FEBRUARY 11, 2025**

James A. Gray appeals, *pro se*, from the order, entered in the Court of
Common Pleas of Philadelphia County, dismissing as untimely his third petition
filed under the Post-Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-
9546. After careful review, we affirm.

On July 14, 1988, a jury convicted Gray[1] of first-degree murder,[2]
criminal conspiracy,[3] aggravated assault,[4] and possession of instruments of

_____

[1] The factual background of Gray's case, while not relevant here, is recited in
**Commonwealth v. Gray**, 608 A.2d 534 (Pa. Super. 1992).

[2] 18 Pa.C.S.A. § 2502(a).

[3] **Id.** at § 903.

[4] **Id.** at § 2702.

crime.[5]  On July 21, 1988, Gray was sentenced to life imprisonment for murder and two concurrent terms of five-to-ten years' imprisonment on the convictions of criminal conspiracy and aggravated assault.  **See Gray**, **supra**. Our Court affirmed his judgment of sentence on May 11, 1992.  **See id.**  Gray did not thereafter seek review in the Supreme Court of Pennsylvania.

Gray previously filed two PCRA petitions and sought review of his conviction in federal court multiple times.  **See Gray v. District Attorney of County of Philadelphia**, No. 05-2382, 2021 WL 3708641 (E.D. Pa. Aug. 19, 2021); **Gray v. Kerestes**, No. 11-3349, 2011 WL 3648064 (E.D. Pa. Aug. 17, 2011).  On November 27, 2018, Gray, *pro se*, filed the instant PCRA petition, his third (petition).  He subsequently submitted two *pro se* supplemental and amended petitions—one on November 12, 2020 (first amended petition) and the second on March 26, 2021 (second amended petition).[6]  His second

_____

[5] **Id.** at § 907.

[6] While Gray requested leave to amend his petitions pursuant Pa.R.Crim.P. 905(a) and labeled them, respectively, "Amended Petition for Post-Conviction Relief Pursuant to 42 Pa.C.S.A. §9542 et seq." and "Second Amendment and Supplement to Petition for Post-Conviction Relief," the PCRA court never granted him leave to amend his petitions as required by Rule 905(a).  In the absence of such a grant, his first and second amended petitions cannot be considered amendments to his petition.  **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (concluding that a subsequent petition, even though labeled "supplement and amendment," did not constitute an amended petition where "there [was] no indication that … the PCRA court ever granted[] leave to amend the [original] petition").  Nevertheless, even if the PCRA court had granted Gray leave to amend his petition, it would not change our conclusion
*(Footnote Continued Next Page)*

- 2 -

amended petition requested, *inter alia*, that he be granted an evidentiary hearing and that his convictions be vacated based on newly-discovered facts entitling him to a new trial. **See** PCRA, 3/26/21, at 3-5. On October 6, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on the basis that the petition was untimely filed and did not invoke an exception to the timeliness provision of the PCRA set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Gray filed a *pro se* Rule 907 response, which the court reviewed. On November 15, 2023, the PCRA court dismissed the PCRA petition.

Gray filed a timely notice of appeal.[7] Gray presents the following issues for our consideration:

> (1) Did the PCRA court err as a matter of law under [Pa.R.Crim.P.] 908 [] by dismissing [Gray's] PCRA petition without a hearing when it found that [Gray] failed to satisfy the newly[-]discovered fact exception after the Philadelphia District Attorney's Office recently provided [Gray] with a transcript of the McMahon tape?
>
> (2) Did the PCRA court err and abuse its discretion by dismissing [Gray's] PCRA petition without a hearing when it failed to determine whether [Gray] was denied his right to due process when the Philadelphia District Attorney's Office deliberately or

___

that he is entitled to no relief and that the PCRA court correctly dismissed his petition.

[7] The PCRA court did not order, and Gray did not file, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court explained its reasons for dismissing Gray's petition, without a hearing, in its Rule 907 notice.

negligently failed to provide [him] with the McMahon tape[8] or transcript after releasing the tape to the public in 1997?

Appellant's *Pro Se* Brief, at 4 (unnecessary capitalization omitted).

When reviewing a PCRA court's ruling, we must "determine whether it is supported by the record and is free of legal error." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017). Furthermore, we note:

> [T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the [petitioner] is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Id.*** at 297 (citations and some punctuation omitted).

The PCRA requires that a petition seeking relief must be filed within one year of the date the petitioner's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review at the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. ***See id.*** at § 9545(b)(3). However, section 9545(b)(1) sets forth three exceptions to the time

---

[8] The "McMahon tape" is the name given to a videotaped recording of a training seminar on jury selection given in 1987 by former Philadelphia Assistant District Attorney Jack McMahon (McMahon). In the video, McMahon explicitly advocated for the use of discriminatory practices during jury selection.

requirement.[9]  If the petition alleges and the petitioner proves that an exception to the time for filing the petition is met, the petition will be considered timely.  These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts, and an after-recognized constitutional right.  *Id.*  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could have been presented.  *Id.* at § 9545(b)(2).[10]  The timeliness requirement is

_____

[9] Any PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at §§ 9545(b)(1)(i-iii).

[10] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year.  The amendment applies to claims arising on December 24, 2017, or thereafter.  *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3.  Here, Gray's claim arose prior to December 24, 2017, thus, the 2018 amendment does not apply.

jurisdictional in nature and, therefore, a PCRA court cannot hear untimely petitions. *See Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Here, Gray's judgment of sentence became final on June 10, 1992, when the time expired for him to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See* Pa.R.A.P. 1113(a). Gray accordingly had until June 10, 1993 to file a timely PCRA petition. His petition, filed over twenty-five years later, is facially untimely. Gray, therefore, must plead and prove one of the timeliness exceptions to the PCRA time-bar to vest the PCRA court with jurisdiction to consider the merits of his petition. *See Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008) (upholding PCRA court's dismissal without hearing of untimely petition because court lacked jurisdiction).

Gray avers that his second amended petition was timely filed under subsection 9545(b)(1)(ii) based upon newly-discovered facts he allegedly uncovered after being provided with a transcript of the McMahon tape (transcript) on March 22, 2021.[11] *See* Appellant's Brief, at 9. Gray must, therefore, establish: (1) the facts upon which the claim is predicated were unknown and (2) could not have been ascertained by the exercise of due

_____

[11] The additional arguments Gray raised in his petition and first amended petition are waived, as he did not include them in his appellate brief in his statement of questions presented or develop argument in support of them. *See Commonwealth v. Reid*, 259 A.3d 395, 407 (Pa. 2021) (finding appellant had waived issues and arguments neither raised or argued in his brief on appeal).

- 6 -

diligence. *See Commonwealth v. Fears*, 250 A.3d 1180, 1188 (Pa. 2021). His claim fails on both accounts.

The subsection 9545(b)(1)(ii) exception focuses on newly-discovered facts, not newly-discovered sources for previously known facts. *See Marshall*, 947 A.2d at 720. A petitioner cannot base his 9545(b)(1)(ii) claim upon the discovery of another conduit for a repeat claim. *See id.* (citing *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008)). Instantly, having received the McMahon transcript via a Right-To-Know request, Gray maintains he discovered new facts supporting his claim that his prosecutor had illegally struck jurors at his trial, though he does not provide specific examples of what new facts he discovered. *See* Appellant's Brief, at 9-11. Gray's own filings, however, contradict that any such facts were not previously known to him.

In his petition, Gray states that he became aware of "McMahon's unlawful use of racial discrimination in jury selections and [its] significant use to his own case at bar" shortly after he read a case, published on January 20, 2000, in the prison law library, containing McMahon's testimony regarding his jury selection practices. *See* PCRA, 11/27/18, at 6-7. Additionally, Gray has twice attempted to argue the McMahon tape as a newly-discovered fact in federal court. *See Gray v. District Attorney of County of Philadelphia*, 2021 WL 3708641 at *1 ("[W]hen Gray filed his second habeas petition on May 15, 2012, he cited the McMahon tape as newly-discovered evidence."). Thus, Gray has not pointed to any newly-discovered facts, but instead found

a different conduit through which to funnel his claims alleging racial discrimination during his jury selection. Therefore, his claim cannot meet the first element of the newly-discovered facts exception. *See Marshall*, 947 A.2d at 722-723 (appellant pointing to notes evincing culture of racial discrimination in jury selection process throughout Philadelphia District Attorney's Office not newly-discovered fact when appellant had already brought claims of racial discrimination in jury selection decades prior).

Even if the transcript met the requirements to be categorized as a newly-discovered fact, Gray would be unable to show the requisite due diligence. Due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Cox*, 146 A.3d at 230 (internal quotation and citation omitted). In *Cox*, the Pennsylvania Supreme Court rejected claims of due diligence wherein the appellant had been aware of the existence of information for several years without taking action to obtain it. *See id.* at 231; *see also Commonwealth v. Stokes*, 959 A.2d 306, 311 (Pa. 2018). Here, by his own admission, Gray had been aware of the McMahon tape since at least 2000, and besides his blanket assertion that he "has repeatedly and continuously made every effort humanly possible to obtain a copy of the McMahon Tape[,]" he has provided no examples of those efforts or any reasons why he could not have submitted a Right-To-Know request sooner than July 10, 2020. *See* Appellant's Brief, at 8; *see also Gray v. Philadelphia District Attorney's Office*, 311 A.3d 1230, 1233 (Pa. Cmwlth.

2024). Gray's lengthy delay defeats any claims to having exercised due diligence to obtain the transcript, and thus he cannot satisfy either element of a newly-discovered facts claim. **See Cox**, 146 A.3d at 231 (holding six-year delay in obtaining claimed newly-discovered facts precluded finding of due diligence).

Because Gray filed his third PCRA petition more than twenty-five years after his judgment of sentence became final and failed to prove a time-bar exception, the PCRA court did not err in dismissing his petition without a hearing.[12] **See id.**

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2025

---

[12] To the extent Gray's second question and supporting argument can be construed as a "government interference" claim under section 9545(b)(1)(i) based upon the Philadelphia District Attorney's Office's failure to provide him with the transcript prior to his Right-To-Know request, the claim would fail for the same lack of due diligence in attempting to obtain the transcript after learning about it in 2000.