J-S11033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EUGENE JACOBS | : | |
| | : | |
| Appellant | : | No. 1732 EDA 2022 |

Appeal from the PCRA Order Entered June 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003721-1995

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                                    **FILED MAY 23, 2023**

Appellant, Eugene Jacobs, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior panel of this Court summarized some of the relevant facts and procedural history of this case as follows:

> On October 2, 1996, a jury found Appellant guilty of first-degree murder, robbery, theft, and possessing an instrument of crime.  On October 4, 1996, the trial court sentenced Appellant to serve a term of life in prison for the murder conviction and various other terms of imprisonment for the remaining convictions.  [This Court] affirmed Appellant's judgment of sentence on December 1, 1999; Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  ***Commonwealth v. Jacobs***, 750 A.2d 369 (Pa.Super. 1999) (unpublished memorandum)[.]

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On November 30, 2000, Appellant filed his first PCRA petition and the PCRA court appointed counsel to represent Appellant. On October 2, 2002, the PCRA court dismissed Appellant's petition and, after a lengthy appeal, this Court affirmed the dismissal on April 8, 2009. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 9, 2009. *Commonwealth v. Jacobs*, 974 A.2d 1184 (Pa.Super. 2009) (unpublished memorandum)…, *appeal denied*, [604 Pa. 688, 985 A.2d 970 (2009)].

*Commonwealth v. Jacobs*, No. 250 EDA 2016, 2016 WL 7031029, at *1 (Pa.Super. filed Dec. 2, 2016) (unpublished memorandum) (internal footnote omitted), *appeal denied*, 641 Pa. 798, 169 A.3d 595 (2017). On May 14, 2012, Appellant filed a second PCRA petition, which the court dismissed as untimely on December 2, 2016; our Supreme Court denied allowance of appeal on June 27, 2017. *See id.*

Appellant filed the current *pro se* serial PCRA petition on May 9, 2019. In it, Appellant claimed the "newly-discovered facts" exception to the PCRA time-bar, alleging, *inter alia*, that he recently discovered a newspaper article discussing the prosecutorial misconduct of former prosecutor Roger King[2] in an unrelated case. Based on the claims made in the newspaper article, Appellant insisted Roger King, who was also the prosecutor in Appellant's case, had committed similar misconduct in his own case. Appellant further alleged various claims of trial counsel's ineffectiveness. While his petition was

---

[2] There is no familial relationship between this prosecutor and the authoring jurist.

pending, another newspaper article was published detailing allegations of misconduct against other homicide detectives who were involved in Appellant's case. Thus, Appellant filed a supplemental PCRA petition, claiming that those detectives had also committed misconduct in Appellant's case. The court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907 on December 17, 2021. Appellant filed a response on December 30, 2021. On June 10, 2022, the PCRA court dismissed the petition as untimely. Appellant timely filed a notice of appeal on June 24, 2022. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2) (as amended, effective December 24, 2018; providing one year statutory window in which to invoke time-bar exception for claims arising on or after December 24, 2017).

To meet the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015).  "Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain

why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa.Super. 2011). A claim based on inadmissible hearsay does not satisfy the "newly-discovered facts" exception.[3] ***Commonwealth v. Abu-Jamal***, 596 Pa. 219, 230, 941 A.2d 1263, 1269 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008).

Instantly, Appellant's judgment of sentence became final on December 31, 1999, upon expiration of the time for filing a petition for allowance of appeal with our Supreme Court, following this Court's affirmance of his judgment of sentence. ***See*** Pa.R.A.P. 1113(a) (stating petition for allowance of appeal shall be filed within 30 days after entry of order of Superior Court

---

[3] The substantive claim of after-discovered evidence and the newly-discovered facts exception to the PCRA timeliness requirements are often conflated and referred to as the same theory of relief. These concepts, however, are not interchangeable and require different proofs. Under the newly-discovered facts exception to an untimely PCRA petition, a petitioner must establish "the **facts** upon which the claim was predicated were **unknown** and…could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis in original). Only if a petitioner meets the statutory jurisdictional requirements by satisfying this exception to the PCRA time-bar, can he then argue for relief on a substantive after-discovered-evidence claim, which requires the petitioner to demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***See, e.g., Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586 (2007); ***Commonwealth v. D'Amato***, 579 Pa. 490, 856 A.2d 806 (2004).

sought to be reviewed). Appellant filed the current PCRA petition on May 9, 2019, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar, relying on the newspaper articles discussing misconduct in unrelated cases by prosecutor Roger King and other detectives involved in Appellant's case. In evaluating Appellant's claims, the PCRA court explained:

> While your petition states that you are invoking the previously unknown facts exception, you fail to identify which facts were previously unknown, and why you were unable to discover them through the exercise of due diligence. Instead, the petition asserts several claims of misconduct by various police officers and assistant district attorneys, as well as raising the ineffectiveness of your trial counsel, regarding your alibi defense, your interrogation and confession, and the conclusions of the medical examiner. You failed, however, to demonstrate how any of these facts, which pertain to pre-trial and trial issues, were previously unknown to you. Therefore, your petition does not meet the criteria to overcome the time bar.

(Rule 907 Notice, filed 12/17/21, at 1-2). We agree with the PCRA court that Appellant has failed to exercise due diligence regarding any "new facts" that pertain to his case. ***See Brown, supra***. Essentially, Appellant is simply using the fact that Roger King and other detectives committed misconduct in **unrelated** cases as an attempt to call into question the investigation and prosecution of his own case.

We further note that Appellant's reliance on the newspaper articles as the "new facts" amounts to inadmissible hearsay that cannot satisfy the

proffered exception. *See Commonwealth v. Castro*, 625 Pa. 582, 93 A.3d 818 (2014) (explaining newspaper articles contain allegations which suggest evidence might exist but are no more than allegations in any other out-of-court situation; thus, newspaper articles generally constitute inadmissible hearsay); *Abu-Jamal, supra*. *See also Commonwealth v. Trivigno*, 262 A.3d 472, 2021 WL 3465926, at *4 (Pa.Super. filed Aug. 6, 2021) (unpublished memorandum)[4] (holding: "Stated simply, facts are not what a reader gleans from media reports or newspaper articles but, instead, facts are substantive events…"; newspaper articles presented by appellant alleging misconduct by detectives do not specifically cite any admissions or conclusive findings of wrongdoing by detective at issue that may be linked to appellant's case; "[t]herefore, [a]ppellant failed to demonstrate that the newspaper article contained a fact that triggered the newly-discovered facts exception…"). Similarly, the newspaper articles at issue here do not specifically cite any admissions or conclusive findings of wrongdoing by Roger King or other detectives that may be linked to Appellant's case. *See id.* Under these circumstances, Appellant's current PCRA petition remains time barred. Accordingly, we affirm the order dismissing Appellant's current PCRA petition as untimely.

Order affirmed.

---

[4] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/23/2023</u>