**[J-56-2025] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :   No. 3 WAP 2025

       : 

      Appellee      :   Appeal from the Order of the

       :   Superior Court entered June 28,

       :   2024, at No. 17 WDA 2022, Affirmed

      v.       :   in Part and Vacating In Part the

       :   Order of the Court of Common

       :   Pleas of Beaver County entered

JAMIE M. BROWN,        :   December 15, 2021, at No. CP-04-

       :   CR-000913-2001 and remanding.

      Appellant      : 

       :   SUBMITTED:  May 20, 2025

**DISSENTING OPINION**

**JUSTICE MUNDY**                           **DECIDED:  JANUARY 28, 2026**

I solely join the dissenting portion of Justice Dougherty's concurring and dissenting opinion, as I too disagree with the majority's "description of the new fact at issue here, and with its preemptive, advisory resolution of a separate evidentiary issue over which we did not grant review."  Concurring and Dissenting Opinion at 1. I write separately because, irrespective of the aforementioned concerns, in my opinion, Brown is unable to overcome the PCRA's jurisdictional time-bar, as he premises his request for relief on a new source of a previously known fact.

It is well-settled that the PCRA requires a petitioner to "allege and prove that there were *'facts'* that were 'unknown' to him and that he could not have ascertained those *facts* by the exercise of 'due diligence.'"  *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (some internal quotation marks omitted; emphasis in original).  *See also id.* ("The focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or

newly willing source for previously known facts" (emphasis and brackets in original; internal quotation marks omitted)). "Thus, while recently discovered evidence may reveal new facts, or even itself establish a new fact in some situations, whether a petitioner meets the requirements of the newly discovered facts exception ultimately turns on the petitioner's knowledge of previously unknown facts, not new evidence of a known fact, related to his claim." *Commonwealth v. Rivera,* 324 A.3d 452, 468 (Pa. 2024) (footnote omitted).

We previously alluded to this principle when considering the propriety of the lower court's decision to dismiss an untimely PCRA petition submitted by Mumia Abu-Jamal, who was sentence to death upon conviction for the 1983 shooting death of a Philadelphia police officer. *See Commonwealth v. Abu-Jamal,* 941 A.2d 1263 (Pa. 2008). In that case, Abu-Jamal "filed a third PCRA petition, alleging he had new evidence that two key Commonwealth witnesses perjured themselves at trial." *Id.* at 1265. *See also id.* 1265-66 (explaining that Abu-Jamal presented: (1) the affidavit of Yvette Williams, stating that she was previously in jail with Cynthia White, a Commonwealth witness, and that "White told her she testified [Abu-Jamal] was the shooter because the police threatened her" but she had not actually seen the shooting; and (2) an unsworn declaration of Kenneth Pate, who claimed to have had a telephone conversation with hospital security guard Priscilla Durham, who admitted that she falsely testified at trial that Abu-Jamal "confessed to the crime when he was brought to the hospital after the shooting for treatment of his own injuries"). Like Brown, Abu-Jamal claimed that his patently untimely petition fell within both "42 Pa.C.S. § 9545(b)(1)(ii)'s timeliness exception; the evidence was unknown to him and could not have been ascertained by the exercise of due diligence because its discovery was dependent on Williams and Pate coming forward" and 42 Pa.C.S.

§ 9545(b)(1)(i)'s "exception; his failure to raise the claim previously was the result of interference by government officials." *Id.* at 1266.

Ultimately, this Court affirmed the PCRA court's order, finding, in relevant part, that Abu-Jamal failed to demonstrate that White's alleged perjury fell under Section 9545(b)(1)(ii)'s exception.[1] *Id.* at 1269. "[T]he PCRA court noted[] White's credibility and potential reasons for testifying falsely were examined exhaustively at trial[,]" and "[n]o one ever mistakenly believed that [she] was a model citizen." *Id.* (internal quotation marks and footnote omitted). Therefore, the fact that Abu-Jamal discovered yet another conduit for the same claim of perjury did not "transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." *Id.* In other words, the new affidavit from Williams about White's out-of-court statement suggesting she perjured herself at trial was deemed not to constitute a new fact because even though it was new evidence, it went to the previously-known fact that White was claimed to have testified falsely.

While I acknowledge that *Abu-Jamal* is not on all fours with the case *sub judice*, it is instructive when considering the characterization of a fact under Section 9545(b)(1)(ii). *Abu Jamal* suggests this section does not allow for otherwise untimely petitions solely on a new fact characterized by the details of who is listening to the speaker if the assertion contained in that speech is the same as what was previously put forward. This finding comports with the general precepts outlined in an earlier case from this Court, *Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998), where we observed that in light of then-recent amendments to the PCRA, it was clear that the General Assembly had

---

[1] *See also id.* at 1270 (explaining that "Pate's declaration was inadmissible hearsay" and with respect to the governmental interference exception, Abu-Jamal: (1) offered "no explanation regarding why Williams and Pate did not come forward sooner[; (2)] ha[d] already had the opportunity to attack White's credibility at trial[; and (3)] fail[ed] to explain why the information concerning Durham could not have been obtained earlier with the exercise of due diligence").

established a scheme in which PCRA petitions are to be accorded finality. *Peterkin*, 722 A.2d at 642. By placing time limitations on claims of error, the PCRA "strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction." *Id.* at 643.

Turning back to the matter before us, as the Commonwealth observed, "[i]n his first PCRA petition, filed in 2005, [Brown] raised an after-discovered evidence claim alleging that on January 14, 2005, while they were in the Beaver County jail, [Anthony Tusweet] Smith told Steve Zambory that he killed Officer Naim." Commonwealth's Brief at 14. This claim was explored and ultimately rejected. *See* Majority Opinion at 4. Then, in 2021, Brown filed the at-issue petition, his fourth, alleging that in 2005, Tusweet Smith confessed to a second individual, Anthony Dorsett, and that this purportedly newly uncovered information entitled him to relief.

Here, the majority finds that Tusweet Smith's jail cell confession to Zambory is one fact, but Tusweet Smith's confession to Dorsett is a completely different fact, presumably because it is two different confessions at different times. *See id.* at 19-20. As we did in *Abu Jamal*, the alleged relevant "fact" should not be so minutely characterized, and here, that fact is that Tusweet Smith confessed to having killed Officer Naim. Thus, the fact that Brown "discovered yet another conduit for the same claim of [innocence] does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." *Abu-Jamal*, 941 A.2d at 1269. *See also Commonwealth v. Smallwood*, 155 A.3d 1054, 1069 (Pa. Super. 2017) ("Dr. Sutula's affidavit discussing the use of the scientific method over a dozen years after Smallwood became aware of it does nothing more than introduce facts previously known but now presented through a newly discovered source—Dr. Sutula. If we were to accept Smallwood's position that Dr.

Sutula's affidavit constitutes the 'new fact' to trigger the timeliness exception, petitioners could endlessly file petitions by producing 'new facts' through new sources.").

Accordingly, I respectfully dissent.